### GAUMONT v. WARNER BROS. PICTURES, Inc.

District Court, S. D. New York.
May 19, 1941.

46

Benjamin Jaffe, of New York City, for plaintiff.

R. W. Perkins, of New York City (Joseph D. Karp, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Motion by defendant to strike out plaintiff's jury demand and placing the case upon the nonjury calendar.

The original complaint herein was served on February 11th, 1941. Issue was joined by the service of an answer on April 18th. Ten days later the plaintiff served, by mail, the demand for a jury.

The motion papers now before me were served on May 1st. On May 8th, the plaintiff served a purported amended complaint.

The motion is opposed by the defendant on the ground that the original complaint states a claim for equitable relief, although alleging also a claim for damages, and that under the cases the plaintiff is not entitled to a jury trial. I think the defendant's contention is clearly correct. Sklarsky v. Great Atlantic and Pacific Tea Co., D.C., 47 F.2d 662; Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37; Williams v. Collier, D.C., 32 F.Supp. 321.

The plaintiff's response to the above, however, is that the amended complaint states an action at law and nothing else, and that any doubts as to his rights to a jury are resolved by the service of such complaint.

The plaintiff is in error. From the recital above it appears that his so-called amended complaint was served 20 days after issue was joined by the service of an answer to the original complaint. It further appears that such amendment was made without leave of the court or consent of the defendant, as required by Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which limits a plaintiff's right to amend his complaint as of course to a time prior to the service of the answer.

Although amendments are "freely given when justice so requires" F.R.C.P. 15(a), the rule is specific that leave of the court must be obtained. That has not been sought here and the pleading, therefore, is without legal effect.

On the basis of the original complaint, which stands as the only one in this case, the defendant's motion is granted, the jury demand is stricken and the case ordered placed upon the nonjury calendar. This disposition, however, is without prejudice to the plaintiff to seek leave to file an amended complaint if he be so advised.