**MOMAND v. PARAMOUNT PICTURES DISTRIBUTING CO., Inc., et al.**

**SAME v. UNIVERSAL FILM EXCHANGE, Inc., et al.**

Nos. 6943, 7024.

District Court, D. Massachusetts.
July 29, 1946.

See also 43 F.Supp. 996.

George S. Ryan, of Boston, Mass., for plaintiff.

Edward F. McClennen, and Jacob J. Kaplan, both of Boston, Mass., for defendants.

HEALEY, District Judge.

This matter came on for hearing on December 28, 1945, upon motions concerning various matters preliminary to trial in both cases. The parties are far from agreement as to just what matters are before the court for decision at this time, and in their arguments and briefs have discussed several matters on which there is no motion pending.

The court at this time will determine only those issues now before the court on motions of the parties, a decision on which will be practicable at this time, considering the status quo of this highly complicated litigation.

On December 19, 1944, the defendants filed a motion in each case asking leave to file a supplemental answer, which was attached thereto, setting up the defence of estoppel by judgment. They contend that the judgments of Judge Broaddus in the cases of A. B. Momand v. Twentieth Century Fox Film Corporation et al., and A. B. Momand v. Griffith Amusement Company et al., 37 F.Supp. 649, tried together in the United States District Court for the Western District of Oklahoma, estop the plaintiff from any recovery in the present cases, or at least, act as an estoppel as to many of the issues here involved. These judgments were not filed by Judge Broaddus until August 14, 1944, so the defendants were unable to plead them as a defence to the present actions when they filed their original answers in 1937.

Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, states: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented * * *"

In my opinion, this rule was intended to encompass a situation precisely like that of these defendants. Since to deny the defendants' motions would be contrary to the spirit and letter of Rule 15(d), these motions are granted.

On February 8, 1945, the defendants filed a motion for a separate trial on the aforementioned supplemental answers setting up the defence of estoppel by judgment. They argue that if they succeed in proving this defence, the two cases will be at an end.

In their briefs and in their argument at the hearing, the defendants assume that the court will decide the question of estoppel by judgment at this time. The plaintiff argues, however, that the most the court should do now is to determine whether or not there should be a separate trial on these supplemental answers. He further argues that he is entitled to a jury trial on all the issues in these cases and that, therefore, the defendants' motions for a separate trial of these issues should not be granted.

I am of the opinion that the only question now before the court, according to the record, is that raised by the defendants' motion for a separate trial on the issue of estoppel by judgment. On the state of the record at the time of this hearing, the plaintiff could not have anticipated that the merits of this question were to be argued and has not had an opportunity to argue fully the question of estoppel.

There is little question but that if the defendants are able to prove their defence of estoppel by judgment, many of the issues in these cases will be eliminated, and a trial of the two cases will be facilitated and shortened, if not altogether terminated. In my opinion, therefore, to grant this motion for a separate trial would be in furtherance of convenience as provided for in Rule 42(b) of the Federal Rules of Civil Procedure. Also, the plaintiff's right to a trial by jury of the factual issues involved in these cases will not be prejudiced by the allowance of these motions for a separate trial. It appears that the question as to whether or not there is

an estoppel by judgment can be determined by an examination of the records of the Oklahoma cases and the declarations filed in these cases without the aid of any extrinsic evidence. It would, therefore, seem to be a matter to be decided by the court and not within the province of the jury. Cf. Lyon v. Bursey, 11 Cir., 36 App.D.C. 235. However, if it should develop that extrinsic evidence is necessary to determine this issue, the plaintiff would be entitled to have such evidence submitted to a jury.

The defendants' motions for a separate trial of the issue of estoppel by judgment are granted.

Since it appears likely that, if the defendants are able to sustain the defence of estoppel by judgment, many of the interrogatories propounded by the parties will require no answer, and many of the documents whose production is sought will become irrelevant or immaterial, no action will be taken at this time in regard to these matters.

On February 9, 1945, the defendants filed an amended answer in the Paramount case (No. 6943), reasserting their original answer and their supplemental answer and setting up the new defence of the statute of limitations. In their briefs and argument, they claim that they did not need leave of court to file this answer, since on January 8, 1945, Judge Ford allowed plaintiff's motion to substitute plaintiffs, which action was consented to by the defendants. They did not, so far as the record discloses, ask leave of court or obtain the consent of the plaintiff to file this amended answer. Yet, they argue that the court should determine the validity of this defence at this time.

Rule 15(a) of the Federal Rules of Civil Procedure is as follows: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

In the instant case, whether we consider the defendants' amended answer a response to an amended pleading or merely as an amendment to the original and supplemental answer is immaterial, since, in either case, defendants could not file this amended answer as of right without leave of court or the consent of the plaintiff. The time for doing so had elapsed. Therefore, no motion for leave of court to file this amended answer having been made, and the plaintiff having opposed the filing of it by the defendants, this amended answer is not properly before the court, and no action concerning it can be taken at this time. Cf. Gaumont v. Warner Bros. Pictures, Inc., D.C.N.Y., 2 F.R.D. 45.