**S. C. JOHNSON & SON, Inc. v. JOHNSON et al.**

No. 2024.

District Court, W. D. New York.

July 6, 1948.

Rogers & Woodson, of Chicago, Ill., and Kenefick, Cooke, Mitchell, Bass & Letchworth and Harold I. Popp, all of Buffalo, N. Y. (William T. Woodson, of Chicago, Ill., and John L. Hollands, Richard I. Fricke, and Robert M. Hitchcock, all of Buffalo, N. Y., of counsel), for plaintiff.

Edwin T. Bean, Conrad Christel, and Sullivan & Weaver, all of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

The plaintiff moves for an order permitting it to serve a Supplemental Complaint and requiring the defendants to plead thereto. Heretofore the plaintiff herein brought suit against one John W.

Johnson, doing business under the name and style of Johnson Products Company, for alleged infringement of its trade-mark for powdered wax, prepared wax, wood dye, paste wood filler, varnish remover and floor cleaner. The above-named defendants are successors in interest to John W. Johnson. This court rendered its decision in such suit in 1939 (28 F.Supp. 744) and upon it, on or about January 11, 1940, a decree was entered enjoining the said John W. Johnson, and all holding by, through or under him, from the sole use of "Johnson's" on the then defendant's labels. The alleged infringing product is a liquid cleaner. On appeal, in an opinion rendered on December 30, 1940 (2 Cir., 116 F.2d 427), the decision of this court was modified. No action was thereafter taken until the present motion was made on June 1, 1948.

The present motion is made under Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and its purpose is to give the plaintiff the opportunity to present proof to the effect that the injunction now in force against the defendant, John W. Johnson, and his successors in interest, is inadequate and does not give the plaintiff, or the public, protection against fraud, deceit and mistake that result from the defendants' use of the name "Johnson's" as a trade-mark for its cleaner. Transactions, occurrences and events which have happened since the date of the injunction heretofore granted are proposed to be shown.

It is asserted that the filing of the proposed supplemental bill is unauthorized without the permission of the Circuit Court of Appeals. Plaintiff and defendants cite Dixi-Cola Laboratories v. Coca-Cola Co., 4 Cir., 146 F.2d 43. The opinion there laid down the rule that where it appeared that there was a conflict between the decision of the appellate court and the further relief sought by the supplemental bill it would be necessary to get permission of the appellate court to the filing of the supplemental bill. On the other hand where the relief sought was not in conflict, but in accord, with the decision of the appellate court and is based upon matters which have occurred since the entry of the decree which was affirmed on appeal, the application to file a supplemental bill is to be made to the District Court. Allowance is within the sound discretion of the District Court.

The plaintiff asserts that the purpose is to seek to establish, not only that defendants' goods "are likely to cause confusion or mistake or to deceive purchasers as to source of origin as to such goods," but also that defendants' goods are, in fact, attributed to the plaintiff; "that in the terms of the new Trade-Mark statute, defendants' goods are, in fact, causing confusion and mistake and are deceiving purchasers as to their source of origin." The Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq., in force when the suit was brought, has been amended, Section 32(1) of the Registration Trade-Mark Act of July 5, 1946, Public Law 489, 79th Congress, 15 U.S.C.A. § 1114(1). This amendment became effective July 5, 1947. The purpose of both acts was to prevent deception to the public and protect trade-mark rights. However, it is not believed that the amendment makes any difference with the decision on the pending motion.

The plaintiff states that exhaustive investigations have been made throughout the United States, and it has been found that a large number of individuals who had, either when having had defendants' product or when being shown it by the plaintiff, believed it to be the product of the plaintiff. The court on appeal in the instant case said [116 F.2d 429]: "It (plaintiff) has no customers to divert, for it does not sell a cleaner for fabrics; and, as to glazed surfaces, it began to sell its cleaner for these after the defendant; it was the newcomer in that market. * * *" It is true that the opinion in the Appellate Court was based upon the fact that the plaintiff and the defendant were not putting out identical goods.

It is urged by the plaintiff that had the Trade-Mark Act of 1905 prohibited the use of registered trade-mark on goods which the public attributed to the registrant, the court would not have modified the District Court decree. Even though the articles

were not identical, it is not believed that this is so. "Deception" is the basis of that act and the amendment.

The complaint alleges (Paragraph No. 8): "that the displaying of said legend as a border to said label instead of displaying it side by side with the name 'Johnson's Cleaner', as required by the decree, constitutes a violation of said decree." As respects this allegation, the plaintiff could bring a proceeding as for a contempt.

It is asserted (Paragraph No. 9) that the legend, "'Made by Johnson Products Company, Buffalo, N. Y.,' on defendants' label does not distinguish defendants' product from plaintiff's product as to the source of origin in that the public attributes defendants' product, so labeled, to the plaintiff." The Circuit Court told the defendant just how to distinguish defendant's label. It said: "It will be enough if the defendant is enjoined from using the word 'Johnson's,' except in combination with the word 'Cleaner,' or to use the phrase so constituted except in immediate juxtaposition to the legend, 'made by the Johnson Products Company, Buffalo, N. Y.,' in type equally large and conspicuous." Defendants' label carried the words "Made by Johnson Products Company Buffalo, N. Y." in circular form immediately below the words "Johnson's Cleaner." Plaintiff says this phrase so placed is not in "juxtaposition" to the words "Johnson's Cleaner." Webster's New International Dictionary of the English Language, 2d. Ed., copyrighted 1942, defines juxtaposition as "a placing or being placed side by side." Strictly these words are not side by side, but the dictionary gives as synonyms "contact, continuity, nearness, proximity." It seems to me that this labeling is sufficient to meet the terms of the decision.

Plaintiff further alleges (Paragraph No. 10) that the use by the defendants of the business style "'Johnson Products Company, Buffalo, N. Y.' is likely to and does cause confusion or mistake and deceives purchasers as to the source of origin of defendants' product because the public assumes that defendants' product comes from plaintiff." On the appeal S. C. Johnson

and Son v. Johnson, supra, the court said: "The plaintiff proved to the satisfaction of the judge that the defendant's use of the name has caused confusion among the plaintiff's customers; and we cannot say that the finding is 'clearly erroneous.' We should have so found ourselves; * * *." So it appears that the basis for any relief given the plaintiff was the fact that the legend on the label as originally appeared with "Copyright 1933 by Johnson Products Co. Buffalo, N. Y.," was insufficient. The question of confusion was definitely before this court on the trial of the infringement suit. I said in my opinion in the case [28 F.Supp. 748]: "Many witnesses have testified as to transactions directed to show such deception."

Plaintiff alleges (Paragraph No. 11) that the use by the defendants of the name "Johnson's" as a trade-mark "is likely to and does cause confusion or mistake and deceive purchasers as to the source of origin." What has been said with reference to Paragraph No. 10 is applicable to Paragraph No. 11. The same positions were taken on the trial and on the appeal.

It is apparent that the plaintiff seeks reversal of the decision of the Circuit Court of Appeals. The prayer for relief asks that the defendants be restrained from using the name "'Johnson's' as a brand name or trade-mark for a cleaner or any kindred product." In the Dixi-Cola case, the court said: "Certainly a rehearing of matters decided upon the appeal could not be had by the simple device of filing a supplemental bill or making a motion for leave to file same." 4 Cir., 155 F.2d 59. And further (4 Cir., 146 F.2d 43) the court said:

"If there were any conflict between the decision of this court and the further relief sought by the supplemental bill, it would doubtless be necessary for the permission of this court to be obtained to the filing of the bill, * * * and whether permission would be granted or not would depend upon circumstances which we need not go into here."

The supplemental bill was long known in the Federal equity practice.

Former Equity Rules 34 and 57, 28 U.S. C.A. § 723 Appendix; 3 CYC. sec. 197; Story's Equity Pleadings, 10th Ed., 339. Provisions in the codes have taken the place of the supplemental bill in equity. Present Rule 15(d) limits the supplemental pleading to transactions, occurrences or events happening since the date of the pleading sought to be supplemented. Former Equity was broader in that it included matters or facts of which petitioner was ignorant when made. The applications are directed to the discretion of the court and unless abused its exercise will not be disturbed. General Inv. Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Conqueror Trust Co. v. Fidelity & Deposit Co., 8 Cir., 63 F.2d 833. Clearly the discretion of the court is not abused where, as here, it both appears that the acts and transactions sought to be shown go to establish the allegations of the original bill, are in conflict with the decision of the Circuit Court and where a long period of time has run since the Circuit Court decision was entered.

It is believed that each case cited by the plaintiff differs materially in its facts from the instant case.

The plaintiff places stress on the decision in Barton v. Rex-Oil Co., D.C. 288 F. 878; Id., 3 Cir., 2 F.2d 402, 40 A.L.R. 424; Id., 3 Cir., 29 F.2d 474. This case shows a practically continuous proceeding from the filing of the complaint on April 15, 1921, down to February, 1924, with the application for the supplemental bill made fifteen months later. In the instant case some 8 years have run their course since the decision of the Circuit Court. Further, no question of the right to file the petition was raised in the Barton case.

The Dixi-Cola case is distinguishable in several respects. There the Petition was "to modify, enlarge and settle the final decree." The petition was filed before the final decree was entered. The petition for supplemental bill was refused by the District Court. On appeal, 4 Cir., 155 F.2d 59, it was held the trial court should determine whether the rejected proofs be made under the existing proceedings or under a supplemental bill. It is apparent

that there was no conflict with the decision of the Appellate Court, 4 Cir., 146 F.2d 43.

In Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526, and McLean v. Fleming, 96 U.S. 245, 24 L.Ed. 828, suits were brought against alleged infringer many years after the right to bring them arose. No supplemental pleading was involved. In McLean v. Fleming the court said: "Unreasonable delay on bringing a suit is always a serious objection to relief in equity."

There was no question involved in these cases of any prior trial of the issues.

Momand v. Paramount Pictures Distributing Co., Inc., et al. (Momand v. Universal Film Exchange), D.C.Mass., 6 F.R.D. 222, cited by plaintiff, is not in point. The defendants there filed a motion asking leave to file a supplemental answer, and this was done within a few months after the judgment which was set up as an estoppel was filed.

In Ratner v. Paramount Pictures, D.C. S.D.N.Y., 6 F.R.D. 618, the court permitted the service of a supplemental pleading setting up as a defense the rendition of a judgment of the state court as res adjudicata which judgment had not been entered at the time when the original answer was filed.

Porter, Adm'r, O.P.A. v. Block (Porter, Adm'r, O.P.A. v. Sherwood Distilling Co.), 4 Cir., 156 F.2d 264, said that the Administrator might be permitted to serve a supplemental pleading setting up the issuance of a new maximum price order. This case is comparable to those where statutes have been changed, since the original trial, or where there has been an adjudication in another court subsequent to the trial.

In the instant case the application filed should have been made to the Circuit Court. It is not necessary, however, to dismiss on that ground.

Assuming petitioner is properly before this court, the petition must be denied. It is believed that the proposed evidence is in conflict with the decision of the District Court. Further, the plaintiff is guilty of laches. The court in the exercise of its discretion properly refuses the petition.