307 So.2d 189 (1975)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
SYSTEM COUNCIL U-4 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, and Local Unions 359, 759, International Brotherhood of Electrical Workers, AFL-CIO, et al., Appellees.
No. 74-726.
District Court of Appeal of Florida, Fourth District.
January 31, 1975.
Dan Paul, Paul & Thomson, Miami, for appellant.
*190 Thomas J. Pilacek, Mamber, Gopman, Epstein & Foosaner, North Miami Beach, for appellees.
WALDEN, Judge.
The trial court dissolved its restraining order and dismissed the cause. We affirm.
Arrayed are Florida Power & Light Company, as plaintiff-appellant, versus certain labor unions and their officers and members as defendants-appellees.
The unions commenced a labor strike against the company.
This necessarily is a calendar of critical events that followed:

November 3, 1973 The company filed its complaint for injunction,
 alleging unlawful picketing and strike
 related violence.
November 3, 1973 The trial court entered a temporary restraining
(Amended Nov. 5, 1973) order which prohibited violence and illegal
 strike activities.
January 4, 1974 The company filed contempt proceedings
 against the unions alleging violations of the
 temporary restraining order.
January 16, 1974 The company filed its bill of particulars in
 support of the contempt proceeding alleging
 104 specific violations.
February 1, 1974 The strike ended!
February 12, 1974 The unions moved to dismiss the complaint,
 to dismiss the pending contempt proceedings,
 and to dissolve the temporary restraining order
 because of the strike termination.
April 30, 1974 The company filed its amended complaint
 without leave of court.
May 3, 1974 The unions moved to strike or dismiss the
 amended complaint because (1) it was not
 necessary since it added nothing to the existent
 restraining order, (2) it stated a new and
 different cause of action, and (3) it was a
 supplemental pleading which could only be
 filed with leave of court.

At this juncture the appealed order was entered. It provided:
"ORDER DISSOLVING TEMPORARY RESTRAINING ORDER AND DISMISSING CASE
"THIS CAUSE came on to be heard upon Defendants' Motions to Dismiss Complaint, to Dissolve Temporary Restraining Order, and to Dismiss Contempt Proceedings, and the Court having considered the argument of counsel and memorandums submitted by both parties finds that since the strike which was the subject matter of these proceedings has been settled no further need exists for keeping the Temporary Restraining Order and that same should be dissolved. It further finds that the alleged contempts presently pending are civil (rather than criminal) in nature and that the *191 Defendants' Motion to Dismiss should be granted. That this dismissal is without prejudice to the right of either party to appear and argue the taxation of costs and without prejudice to Plaintiff's right to institute an action in an appropriate court of competent jurisdiction for civil damages, if any, sustained by virtue of any unlawful acts of the Defendants. This Court specifically notes that dismissing this case in no way reflects upon the guilt or innocence of any person(s) accused of contempt in this proceeding and should, in no way, interfere with any party's right or duty to prosecute or defend themselves in any other proceeding. It is therefore
"ORDERED and ADJUDGED that:
"1. The Temporary Restraining Order previously entered by this Court on November 3rd, 1973, and the Amended Temporary Restraining Order entered by this Court on November 5, 1973, be and the same is hereby dissolved.
"2. This cause be, and the same is hereby dismissed without prejudice to either party's right to appear and argue the taxing of costs if any.
"3. This Order shall in no manner affect any separate criminal contempt and any separate civil action brought by either party for damages.
"DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 3rd day of May, 1974.
 /s/ RAYMOND J. HARE 
 JUDGE, CIRCUIT COURT."
There are several aspects of the problem which require something of a piecemeal approach.
The company makes no proper appellate objection to two accomplishments of the appealed order, namely:
a. the dissolution of the temporary restraining order,
b. the determination that the alleged pending contempts were civil  not criminal. Had the court determined that they were criminal, it would have been warranted in pursuing the matter in order to vindicate the authority of the court. See Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911).
And so we are left to determine the validity of the decision which dismissed the cause (1) without resolving the issues raised in the amended complaint and (2) without hearing the civil contempt proceedings. This is the sense and limitation of the company's appellate question.

THE AMENDED COMPLAINT
It was filed without leave.
The company says leave was not required since it was filed under the provisions of Rule 1.190(a), F.R.C.P. The rule provides an amendment may be filed as matter of course (without leave) at any time before a responsive pleading is served.
The unions say that the pleading was a supplemental one under Rule 1.190(d), F.R.C.P., and as such, per the rule, leave was first required. This rule specifically provides:
"(d) Supplemental Pleadings. Upon motion of a party the court may permit him, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which *192 have happened since the date of the pleading sought to be supplemented. ..." (Emphasis supplied.)
We analyze the company's amended complaint to see where it fits. Its contents can be summed up in the company's words, "Plaintiff now seeks additional injunctive relief against further acts of violence and compensatory fines for injuries suffered as a result of Defendants' violation of the temporary injunction as amended."
Each and every transaction, occurrence and event plead as a basis for the new relief sought happened after the filing of the original complaint on Noevmber 3, 1973, that being the pleading which the company seeks to amend or supplement.
More exactly, the amended complaint has two facets:
(a) It alleged 43 violations of the existent temporary restraining order which occurred after the filing of the original complaint and before the strike was settled. It prayed for damages on the basis of civil contempt. It is our feeling that these allegations properly should have been added to the existent bill of particulars (which alleged 104 violations of the selfsame restraining order), which was a part of the existent civil contempt proceedings.
(b) It alleged the termination of the strike which resulted in 150 pending discharge and discipline arbitrations. The company said it feared new incidents of violence growing out of these arbitrations. It prayed for a temporary injunction "... while the discipline and discharge arbitrations are in progress."
It cannot be gainsaid in our opinion that the amended complaint fits precisely into the criteria found in Rule 1.190(d), F.R.C.P. Thus, it is a supplemental pleading requiring that the pleader apply first to the court and obtain leave as a condition to its filing. This procedure permits the court to exercise its discretion as to its allowance depending on the circumstances. It permits the court to adjudicate just terms for its filing and to determine the necessity for the adverse party to plead in response and the time therefor. See generally 25 Fla. Jur., Pleadings § 98 et seq.
The author's comment following Rule 1.190(d), supra, found at 30 West's F.S.A. p. 273 (1972), bulwarks our view:
"Supplemental pleadings are those which set forth new matter which has arisen since the filing of the original pleading... .
"The function of the supplemental pleading is to bring forward new facts or events arising after the filing of the pleading, to cure defects resulting from the occurrence of such events during the progress of the suit. Matters existing at the time of filing the pleading and omitted therefrom because overlooked or unknown should be brought in by amendment."
With reference to earlier rules with like provision our courts have said that where, because of facts developing after suit began, certain relief is desirable, a supplemental bill should be filed. Gracy v. Fielding, 83 Fla. 388, 91 So. 373 (1922). In the absence of proper supplemental bill filed after permission duly granted, the right of complainant to the relief prayed must be determined upon the facts existing at the time the original bill was filed. Meredith v. Long, 96 Fla. 719, 119 So. 114 (1928).
It is not a large or difficult procedure for the pleader to ask the court for leave to file a supplemental pleading. And what is the consequence when the pleader omits to do so and merely presents the pleading to the Clerk? It is our opinion that the pleading is a nullity. As such the court and the litigants are entitled to ignore it and to determine the controversy on the basis of existent properly filed pleadings. Meredith v. Long, supra. In this same line is Margolis v. Klein, 184 So.2d 205 (3d D.C.A. Fla. 1966), although its underlying procedural posture was different. *193 There the trial court was affirmed with this statement,
"The defendant, Dorothy C. Margolis, by this interlocutory appeal, seeks to review that portion of an order dismissing her counter and cross claim. The defendants urged that the trial court erred in failing to permit leave to amend the counter and cross claim. However, we fail to find any application to the trial court in the record to allow such an amendment.
"It is elementary that before a trial judge will be held in error, he must be presented with an opportunity to rule on the matter before him... ." Id. at 206.
To conclude, it is our judgment that no error was committed by the trial court in failing to resolve the issues raised by the amended complaint. This is true because it was improperly filed without leave granted and, hence, was not before the court for its consideration.

THE PENDING CIVIL CONTEMPT PROCEEDINGS
It is our view that it was not obligatory for the trial court to retain its jurisdiction over this suit for injunction and adjudicate the alleged civil contempts of the unions when:
1. the strike was settled, it being the gravamen of the original complaint,
2. the amended complaint and its contents were not before the court,
3. the temporary restraining order was dissolved (and properly so upon the settlement of the strike),
4. the trial court dismissed, "... without prejudice to Plaintiff's right to institute an action in an appropriate court of competent jurisdiction for civil damages, if any, sustained by virtue of any unlawful acts of the Defendants."
Thus, we affirm the appealed order upon authority of Pacific Gamble Robinson Co. v. Minneapolis & St. Louis Ry. Co., 92 F. Supp. 352 (D.Minn. 1950); New Jersey Zinc Co. v. Local 890 of Int'l Union of Mine, Mill and Smelter Workers, 57 N.M. 617, 261 P.2d 648 (1953); Gompers v. Buck's Stove and Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911); Lowry v. Lowry, 189 Okla. 650, 118 P.2d 1015 (1941); see also Wilkes v. Revels, 245 So.2d 896 (1st D.C.A. Fla. 1970) and Gersten v. Gersten, 281 So.2d 607 (3d D.C.A.Fla. 1973), which follow Lowry v. Lowry, supra.
For instance, in a like situation outlined in the New Jersey Zinc Co. case, supra, the court held:
"The contempt decree ... is vacated and set aside without prejudice, however, to the trial court's right to act on any criminal contempt which may have been committed, and without prejudice to appellee's right to proceed against appellants in a court of competent jurisdiction for damages allegedly sustained by appellee as a result of appellants' acts."
But see, Backo v. Local 281, United Brotherhood of Carpenters and Joiners, 438 F.2d 176 (2 Cir.1970).
All appellate assertions and arguments considered, it is our view that the company has failed to demonstrate reversible error.
Affirmed.
OWEN, C.J., and CROSS, J., concur.