428 So.2d 718 (1983)
WARNER-LAMBERT COMPANY, Appellant,
v.
Anita PATRICK, Appellee.
Nos. 82-2314, 82-2316.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Rehearing Denied April 14, 1983.
John J. Hoy of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellant.
G. Steven Brannock of Levy, Shapiro, Kneen & Kingcade, Palm Beach, for appellee.
DOWNEY, Judge.
This non-final appeal involves the validity of an amended complaint adding an additional party defendant, served without an order of court or consent of opposing counsel, after service of a responsive pleading thereto.
On June 17, 1982, appellee, Anita Patrick, filed her complaint in three counts naming as sole defendant, Med-Check, Inc. The complaint sought damages for injuries Patrick had incurred during a consumer testing program conducted by Med-Check. Discovery ensued in which Patrick sought the name of the manufacturer of certain breath mints that Patrick consumed during the program. Pursuant to court order, on August 13, 1982, Med-Check furnished Patrick with the name of Warner-Lambert Company as the manufacturer of the breath mint. Then, on August 16, 1982, Med-Check served its answer and affirmative defenses to the complaint and on August 17, 1982, Patrick served an amended complaint in nine counts naming Warner-Lambert as an additional defendant. Both Med-Check and Warner-Lambert filed motions attacking the amended complaint on the ground that it had been served without consent or leave of court after the serving of the responsive *719 pleading. Although the trial judge seemed to feel that the amended complaint, served without leave of court or consent of the defendants, was improper, he denied the motions in October, 1982, because the statute of limitations would apparently have barred the action as to Warner-Lambert; he also allowed the amended complaint to relate back to August 17, 1982.
Warner-Lambert contends that the issue is controlled by Florida Rules of Civil Procedure 1.250(c) and 1.190(a).
Rule 1.250(c) provides:
(c) Adding Parties. Parties may be added once as a matter of course within the same time that pleadings can be so amended under Rule 1.190(a). If amendment by leave of court or stipulation of the parties is permitted, parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.
Rule 1.190(a) provides:
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless the court otherwise orders.
These rules allow a plaintiff to add a party by serving an amended complaint once at any time before a responsive pleading is served. Therefore, it was incumbent upon Patrick to serve her amended complaint adding Warner-Lambert as a party defendant before Med-Check served its answer or obtain consent from Med-Check or leave of court. The service of an amended complaint under any other circumstances has been held to render the amended pleading a nullity.
In Florida P. & L. Co. v. System Coun., Inc. Bro. of Elec. W., 307 So.2d 189, 192 (Fla. 4th DCA 1975), this court considered a supplemental complaint filed without leave of court in violation of Rule 1.190(d), and said:
It is not a large or difficult procedure for the pleader to ask the court for leave to file a supplemental pleading. And what is the consequence when the pleader omits to do so and merely presents the pleading to the Clerk? It is our opinion that the pleading is a nullity. As such the court and the litigants are entitled to ignore it and to determine the controversy on the basis of existent properly filed pleadings.
The Federal counterpart of Florida Rule 1.250(a) is Federal Rule 15(a). An amendment without leave of court or consent is generally held to be a nullity. Gaumont v. Warner Bros. Pictures, 2 F.R.D. 45 (S.D.N.Y. 1941). Cf. Momand v. Paramount Pictures Distributing Co., 6 F.R.D. 222 (D.Mass. 1946) (An amended answer filed without leave of court is improper). In Gaumont the court said:
Although amendments are "freely given when justice so requires" F.R.C.T. 15(a), the rule is specific that leave of the court must be obtained. That has not been sought here and the pleading, therefore, is without legal effect. 2 F.R.D. at 46.
Predictably, Patrick views Warner-Lambert's contentions as an effort to prevail on "tricks and technicalities of the trade" and she cites to a 1908 Florida case, which allowed an amendment to add parties after a responsive pleading was filed. There the court found that there was no detriment to the parties. See International Kaolin Co. v. Vause, 55 Fla. 641, 46 So. 3 (1908). However, here it appears the statute of limitations had run on the claim as far as Warner-Lambert was concerned and it views the court's ruling as prejudicial in that it eliminates that defense.
Under the circumstances of the case, we believe the trial court erred in allowing the *720 amended complaint to stand. We, therefore, reverse the order denying the motion to quash service of process and to dismiss the amended complaint and remand the cause for the entry of an order quashing service of process and dismissing the amended complaint.
REVERSED AND REMANDED, with directions.
LETTS, C.J., and DELL, J., concur.