**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, a national banking association, Plaintiff,**

v.

**The FOUR AMBASSADORS, a Florida general partnership, et al., Defendants.**

No. 84–2572–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 9, 1984.

Levy & Erens, Chicago, Ill., Valdes-Fauli, Cobb & Petrey, P.A., Miami, Fla., for Continental Illinois Nat. Bank and Trust Co. of Chicago.

Lord, Bissel & Brook, Chicago, Ill., Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Miami, Fla., for Federal Deposit Ins. Corp.

## MEMORANDUM OPINION AND ORDER OF REMAND

SPELLMAN, District Judge.

This mortgage foreclosure case began its misdirected path to this Court in the Circuit Court for the Eleventh Judicial Circuit, Dade County, Florida. On September 11, 1984, Continental Illinois National Bank and Trust Company of Chicago ("Continental") filed suit, seeking to foreclose a mortgage and other security interests.[1] Although the Complaint named The Four Ambassadors and over twenty other parties as Defendants, the Federal Deposit Insurance Corporation ("FDIC") was not at all mentioned. The issue now before this Court, however, is whether the FDIC, on November 1, 1984, properly removed this action to this Court.

I

The facts underlying this issue are not disputed. On July 26, 1984, the FDIC Board of Directors adopted a resolution approving a Permanent Assistance Program pursuant to Section 2[13](c) of the Federal Deposit Insurance Act, 12 U.S.C. Sec. 1823(c). An essential part of this Program was the FDIC's agreement to purchase and Continental's agreement to transfer the Four Ambassadors' "non-performing" loan. Despite this transfer, however, Continental brought this action in its own name on September 11, 1984. On September 24, 1984 The Four Ambassadors filed and served its Counterclaim.

Following a hearing before Dade County Circuit Court Judge David L. Levy later that afternoon, with Continental and the FDIC represented, Judge Levy entered an order, ruling that "[p]rior to any substitution of any party, including the Federal Deposit Insurance Corporation, for any party presently a party to this action, this Court shall conduct a hearing to determine the propriety of such a substitution and the conditions, if any, for such substitution . . . ."

The following day, The Four Ambassadors filed and served its Affirmative Defenses and First Amended Counterclaim and on October 1, 1984 it moved to dismiss the Complaint.

Also on October 1, 1984 Continental and the FDIC filed a Joint Motion to Intervene "to allow the FDIC to intervene as a party

---

1. Continental also sought damages for a claimed violation of the Florida Anti-Fencing Statute, Conversion, Tortious Interference with Contractual Relations and Breach of Contract.

plaintiff in this suit." Continental, by letter, requested an expedited hearing on this motion. Judge Levy scheduled the hearing for November 13, 1984 at 11:00 a.m.

On October 5, 1984 The Four Ambassadors began discovery, serving Defendants' First Request for Admissions, Defendants' First Request for Production of Documents and Defendants' First Set of Interrogatories to Plaintiff. Defendants also noticed the taking of several depositions.

Two weeks later, however, on October 15, 1984, Continental again wrote to Judge Levy on what it termed *"THE URGENT NEED TO EXPEDITE THE HEARING"* (emphasis in original). The FDIC also, by letter dated October 16, 1984, informed Judge Levy of its desire for an immediate hearing on the Joint Motion to Intervene. The Four Ambassadors submitted a letter opposing these requests for a prompt hearing.

Judge Levy responded that the hearing would remain set for November 13, 1984. The following day, October 18, 1984, Continental sent yet another letter to Judge Levy. Continental wrote: "The many letters ... on the question of expediting the hearing on the joint motion of the Continental Bank and the FDIC to intervene have identified a single question which you must answer: Are the defendants entitled to the discovery they seek prior to the intervention?"

Later this same day, Continental filed a Motion for Protective Order "pertaining to all pending discovery initiated by Defendants." In its letter to Judge Levy, Continental indicated it would be filing this Motion for Protective Order and "urgently request[ed] that [Judge Levy] hear this motion" in addition to the Joint Motion to Intervene.

On October 31, 1984, however, without leave of court and before any hearing was held, Continental filed a First Amended Complaint, naming, for the first time, the FDIC as a party Defendant. The next day, the FDIC filed a Verified Petition for Removal with this Court.[2] The FDIC claimed that, by virtue of the First Amended Complaint, it was now a party and entitled to remove the case. After reviewing Defendants' Motion to Remand for Lack of Jurisdiction,[3] and after oral argument was heard on this issue on November 6, 1984, this Court disagrees and concludes that the FDIC is not entitled to remove.

## II

Fla.R.Civ.P. 1.250(c) provides that "[p]arties may be added once as a matter of course within the same time that pleadings can be so amended under Rule 1.190(a)." Rule 1.190(a) provides in pertinent part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party."

These rules permit a Plaintiff to add a party by serving an amended complaint once at any time before a responsive pleading is served. Therefore, it was incumbent upon Continental to serve its First Amended Complaint adding the FDIC as a party Defendant before The Four Ambassadors served its responsive pleading. Otherwise Continental would have to have obtained consent from The Four Ambassadors or leave of court. The service of an amended complaint under any other circumstances has been held to render the amended pleading a "nullity."[4]

---

**2.** The FDIC also filed a flurry of motions: A Motion to Realign the FDIC as a Plaintiff and for Leave of Court to File a Second Amended Complaint, A Motion for Oral Argument on that Motion, A Motion for Transfer to FDIC as Mortgagee in Possession or in the Alternative for the Appointment of a Receiver and a Motion for Emergency Evidentiary Hearing on that Motion.

**3.** Defendants also filed a Motion for Summary Dismissal of Petition for Removal and a Motion to Strike Removal Petition as a Sham.

**4.** The FDIC, however, frames the issue as being "whether the defendants had served a 'responsive pleading' to Continental's Complaint before Continental filed its First Amended Complaint." The FDIC contends that the "only pleading that is 'responsive' to a complaint is an answer, and

In *Warner-Lambert Co. v. Patrick*, 428 So.2d 718 (Fla. 4th Dist.Ct.App.1983), the Plaintiff, as here, filed an amended complaint naming an additional party Defendant without leave of court or consent of opposing counsel after service of a responsive pleading. The court considered the supplemental complaint to be in violation of Rule 1.190. Quoting *Florida Power & Light Co. v. System Council, International Brotherhood of Electrical Workers*, 307 So.2d 189, 192 (Fla. 4th Dist.Ct.App.1975), the court held:

> It is not a large or difficult procedure for the pleader to ask the court for leave to file a supplemental pleading. And what is the consequence when the pleader omits to do so and merely presents the pleading to the Clerk? It is our opinion that the pleading is a nullity. As such the court and the litigants are entitled to ignore it and to determine the controversy on the basis of existent properly filed pleadings.

428 So.2d at 719.[5]

██ Predictably, the FDIC views The Four Ambassadors' contentions as an effort to prevail on "procedural tricks and technicalities."[6] The FDIC seems to argue that because it is a Federal agency and has a federal, statutory right to remove actions in which it is a party, *see* Federal Deposit Insurance Act, 12 U.S.C. Sec. 1819, it should be permitted to remove this action even though the technical requirements for removal are not met. This argument is untenable.

This Court's removal jurisdiction is also based on a federal statutory scheme. 28 U.S.C. Sec. 1447(c) governs the procedure this Court must follow after removal, and provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case ...." Although the FDIC points to *Farina v. Mission Investment Trust*, 615 F.2d 1068 (5th Cir.1980), as authority for its position that the FDIC should be permitted to remove this action, that case is inapposite. There, the Plaintiff, after final judgment, was held estopped from asserting that there was no right to remove initially because the FDIC was never made a proper party. Here, however, The Four Ambassadors can and have claimed lack of federal jurisdiction in its Motion to Remand. Its claim was made well before final judgment and cannot be ignored. Thus, because the FDIC was not a proper party to this action at any time before the filing of the First Amended Complaint, any attempted removal was improvident and "without jurisdiction" under Section 1447(c). Since this Court has no discretion to bend this rule because the FDIC is involved, the case must be remanded.

This result is further supported by Judge Levy's order in open court on September 24, 1984. Judge Levy ruled: "For FDIC to come in it must be physically accompanied

---

.... [i]n the present case, none of the Defendants filed an answer before Continental amended its Complaint."

This argument merits brief consideration. Technical forms of pleadings and prayers (or their technical denomination) have long been abolished in Florida. *See, e.g.,* Fla.R.Civ.P. 1.110. Additionally, Black's Law Dictionary defines a responsive pleading as one "which joins issue and replies to a prior pleading of an opponent in contrast to a dilitory plea or motion which seeks to dismiss on some ground other than the merits of the action." Black's Law Dictionary 1180 (5th ed. 1979). The Four Ambassadors' Affirmative Defenses and First Amended Counterclaim can not be considered "a dilitory plea." These pleadings join issue to and reply to the Complaint. Although The Four Ambassadors did not file an answer, the plead-

ings it did file must, under the liberal standard of Fla.R.Civ.P. 1.100, be considered responsive. *Accord Federal Savings and Loan Insurance Corp. v. Quinn*, 419 F.2d 1014, 1019 (7th Cir. 1969) (entire thrust of counterclaim is to present a defense to merits of action).

**5.** The Federal counterpart of Florida Rule 1.250(a) is Fed.R.Civ.P. 15(a). Under 15(a), an amendment without leave of court or consent is also generally held to be without legal effect. *See, e.g., Gaumont v. Warner Bros. Pictures, Inc.,* 2 F.R.D. 45 (S.D.N.Y.1941).

**6.** At oral argument, counsel for the FDIC claimed that The Four Ambassadors was "unable to challenge the substantive issues" and thus had to "tilt at windmills."

by some order to reflect that happening, and if it is not stipulated, I can have a hearing on that and determine whether FDIC does or does not come in the case and if so, order that."[7] Transcript at 46–47.

When one of the parties expressed the desire to prepare an order reflecting this ruling, Judge Levy stated: "I ordered it."[8] Transcript at 50.

Thus, at the time of the attempted removal the Joint Motion to Intervene had been submitted to Judge Levy and was pending before him. Judge Levy made clear that before a party could be added or subtracted, leave of court was necessary. Because Continental's conduct in filing its First Amended Complaint violated Judge Levy's order, this Court will not permit the FDIC to use that complaint as its key to the federal courthouse.

As counsel for The Four Ambassadors noted in oral argument, "Courts are not playthings, and Court orders are to be respected. Rules of procedure apply equally to all litigants; These rules must be followed." Because Continental and the FDIC have not followed the Florida Rules of Civil Procedure or Judge Levy's ruling, this Court is without jurisdiction to entertain the merits. The case must be remanded to state court.[9]

It is not the intention of this Court to thwart the efforts of the FDIC to properly invoke the original jurisdiction of this Court if that be their intent. As a federal agency, the FDIC had and has the ability to invoke original federal jurisdiction, as pointed out in oral argument. This Court's order of remand is obviously without any form of prejudice to FDIC's invoking such jurisdiction and seeking whatever relief it deems necessary by way of an appointment of a receiver or otherwise. Should the FDIC invoke this Court's jurisdiction, this Court will be available to afford a hearing to the parties at short notice.

---

**7.** After further discussion, Judge Levy decided: "I have no problem doing what I said before this last round, of indicating no party will enter or leave the litigation in my case without leave." Transcript at 50.

**8.** Additionally, in a written order entered that same day, September 24, 1984, Judge Levy noted: "The proceedings had before this Court this morning shall be transcribed, and when transcribed, the court reporter shall affix the original transcript to this order."

**9.** Having thus concluded that this cause should be remanded to state court, this Court finds it unnecessary to rule on Defendants' Motion for Summary Dismissal of Petition for Removal and Motion to Strike the Removal Petition as a Sham.