654 So.2d 272 (1995)
Kathy Watts FREW f/k/a Kathy Watts, Appellant,
v.
POOLE AND KENT CO., Dragon Associates, Inc., f/k/a Dragon Fireproofing, Inc., and United Sheet Metal Co., Appellee.
No. 93-3277.
District Court of Appeal of Florida, Fourth District.
May 3, 1995.
*273 Louis K. Rosenbloum and Robert M. Loehr of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Kenneth M. Rubin of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for appellee-Poole and Kent Co.
Michael B. Davis of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee-Dragon Associates, Inc.
Rosemary B. Wilder and Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale and Robert F. Goodrich of Law Offices of Alan L. Landsberg, Hollywood, for appellee-United Sheet Metal Co.
KLEIN, Judge.
The trial court dismissed plaintiff's amended complaint, the purpose of which was to add additional parties as the statute of limitations was about to run, concluding that the filing of a motion for leave to amend, with the amended pleading attached, was insufficient to toll the statute. Although we agree that the complaint should have been dismissed, we do so for a different reason, which is that plaintiff failed to serve the new defendants for more than 120 days after she filed the motion for leave to amend.
In her original complaint, filed in October 1992, plaintiff alleged that several defendants who were engaged in the design and construction of Palm Beach International Airport negligently caused her to be injured on December 7, 1988, by exposing her to a toxic chemical substance. On December 4, 1992, just a few days before the four year period of limitations provided by section 95.11(3)(a) would have expired, plaintiff filed a motion for leave to amend her original complaint to add the appellees, who are not related to the original defendants, as additional parties. The proposed amended complaint was attached. It was not until June 15, 1993, however, that plaintiff obtained an agreed order from the court allowing the amended complaint, and the appellees were not served until July, 1993.
The appellees moved to dismiss on two grounds, the first being that the filing of the motion for leave to amend did not toll the statute of limitations, and the second being that the appellees were not served within 120 days as required by Florida Rule of Civil Procedure 1.070(i).
Although this court has not previously been confronted with the issue of whether a motion for leave to amend to add additional parties tolls the statute of limitations, the third district has said that its decisions on this issue are in conflict with ours. After analyzing our cases, we conclude that there is no conflict and follow the decisions of the third district.
In Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3d DCA 1976), the plaintiff, just prior to the running of the statute of limitations, filed a motion for leave to amend to add additional defendants with the proposed amended complaint attached to the motion. The court granted the motion to amend 60 days after the statute had run, and service was obtained on the new defendants 40 days thereafter. In concluding that the claim against the new defendants was not barred by the statute of limitations, the third district stated:

*274 The better rule is that a motion for leave to amend with the amended complaint attached joining additional defendants filed within the statutory period stands in the place of the actual amendment which is filed with leave of court subsequent to the running of the statute of limitations. See Rademaker v. E.D. Flynn Export Co., 17 F.2D 15 (5th Circuit 1927). Plaintiff having filed her motion for leave to join additional parties before the running of the state of limitations, it follows that the amended complaint related back to the time of the filing of her motion to amend so as to defeat a defense based on the statute of limitations relating to the time in which an action must be filed.
When the third district was next confronted with that issue in R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985), it followed its earlier decision in Smith and also observed:
We note that Smith v. Metropolitan Dade County, 338 So.2d 878, is in direct conflict with the Fourth District Court of Appeal decisions in Warner-Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983), and Florida Power & Light Co. v. System Council U-4 of the It'l Brotherhood of Electrical Workers, AFL-CIO, 307 So.2d 189 (Fla. 4th DCA 1975), which hold that the plaintiff must obtain leave of court to file an amended complaint as a precondition to its filing, without which the amended complaint is a nullity.
Holman, 470 So.2d at 66, n. 10.
We conclude that the third district has misconstrued our decisions in Warner-Lambert and Fla. P & L, and that there is no conflict.
In Warner-Lambert the plaintiff simply filed and served an amended complaint purporting to add an additional party without seeking or obtaining leave of court, and this court, relying on Florida Power & Light Company v. System Council U-4 of The International Brotherhood of Electrical Workers, AFL-CIO, 307 So.2d 189, 192 (Fla. 4th DCA), review denied, 336 So.2d 105 (1976), concluded that under those circumstances the amended complaint was a nullity. The fact that there was no motion for leave to file the amended complaint in Warner-Lambert is apparent from our quotation:
It is not a large or difficult procedure for the pleader to ask the court for leave to file a supplemental pleading. And what is the consequence when the pleader omits to do so and merely presents the pleading to the Clerk? It is our opinion that the pleading is a nullity. As such the court and the litigants are entitled to ignore it and to determine the controversy on the basis of existent properly filed pleadings.
Warner-Lambert, 428 So.2d at 719 (quoting FP & L, 307 So.2d at 192).
Fla. P & L did not involve the statute of limitations, but rather the issue of whether the trial court erred in dismissing a case for mootness in light of an amended complaint which had been filed without leave of court. In Fla. P & L, as well as in Warner-Lambert, this court held the amended complaint to be a nullity, and thus both of these cases stand for the proposition that where it is necessary to obtain leave of court in order to file an amended pleading, a pleading filed without a motion requesting leave of court is a nullity. The federal courts have reached the same conclusion. See Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Four Ambassadors, 599 F. Supp. 534 (S.D.Fla. 1984); Gaumont v. Warner Bros. Pictures, 2 F.R.D. 45 (S.D.N.Y. 1941).
Accordingly, the statement by the third district in Holman that Smith is in conflict with our decisions is incorrect. Neither Fla. P & L nor Warner-Lambert presented the same issue as Smith, which is whether the filing of a motion to amend and a proposed amendment tolls the statute of limitations. We also incorrectly noted conflict, relying on Holman, in Troso v. Florida Ins. Guar. Ass'n, Inc., 538 So.2d 103 (Fla. 4th DCA 1989). Troso is distinguishable because in that case plaintiff was attempting to add an indispensable party after the statute of limitations had run.
Because plaintiff in the present case filed a motion for leave to amend and her amended complaint prior to the running of the statute, this case is clearly distinguishable from Troso, Warner-Lambert, and Fla. P & L. Our *275 next task, then, is to decide whether to follow Smith. Although we ultimately conclude that we should, we note that the third district relied solely on Rademaker v. E.D. Flynn Export Co., 17 F.2d 15 (5th Cir.1927), which is the seminal case on this issue. In Rademaker, plaintiff not only moved for leave to amend, but actually served the new defendant prior to the running of the statute. Service was not obtained in Smith until after the statute had run. The fact that service on the new defendant is significant to some courts is illustrated by Moore v. Grossman, 824 P.2d 7, 9 (Colo. App. 1991), in which the court summarized what has happened since Rademaker.
Beginning with the decision in Rademaker v. E.D. Flynn Export Co., 17 F.2d 15 (5th Cir.1927), the federal courts have held consistently that if a plaintiff files a motion to amend the complaint, accompanied by an amended complaint, and serves both upon the defendant before the expiration of the statute of limitations, the statute is tolled until the trial court rules on the motion Conley v. Gibson, [355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)]; Mayes v. AT & T Information Systems, Inc., 867 F.2d 1172 (8th Cir.1989); Rademaker v. E.D. Flynn Export Co., supra; Sheets v. Dziabis, 738 F. Supp. 307 (N.D.Ind. 1990); Pearson v. Niagara Machine & Tool Works, 701 F. Supp. 195 (N.D.Okla. 1988); Longo v. Pennsylvania Electric Co., 618 F. Supp. 87 (W.D.Pa. 1985) aff'd 856 F.2d 183, 184 (3d Cir.1988); Chaddock v. Johns-Manville Sales Corp., 577 F. Supp. 937 (S.D. Ohio 1984).
* * * * * *
In each of these instances, plaintiff, as here, was required to seek leave of court to amend the complaint, see C.R.C.P. 15(a), and, having filed the motion to amend and an amended complaint, plaintiff "had no control over when the Court might decide her motion." Chaddock v. Johns-Manville Sales Corp., supra. The rationale of these decisions was that, since the plaintiff took those steps within her power to toll the statute, and had to await a ruling by the trial court, the plaintiff should not be penalized if the trial court failed to act before expiration of the statute of limitations. We agree with this rationale.
We conclude that the rule adopted by the third district in Smith, which does not require service on the new defendants prior to the expiration of the period of limitations, makes more sense. We arrive at that conclusion because of the fact that an action is "commenced" for limitations purposes, when a complaint is filed. See Fla.R.Civ.P. 1.050, and Outboard Marine Domestic Intern. Sales Corp. v. Florida Stevedoring Corp., 483 So.2d 823, 824 (Fla. 3d DCA 1986). See also Klosenski v. Flaherty, 116 So.2d 767 (Fla. 1959). Accordingly, a plaintiff filing an original complaint need only file the complaint prior to the running of the period of limitations, in order to toll the statute, and service can be obtained after the expiration of the period. McArthur v. St. Louis-San Francisco Railway Co., 306 So.2d 575 (Fla. 1st DCA 1975).
A plaintiff who must obtain leave of court to amend to add additional parties in an existing law suit could, by filing a separate law suit against the new defendants, avoid having to obtain service prior to the running of the statute, if service were required. It makes no sense to us to require such a plaintiff to clog the courts with a separate law suit, in order to get around a requirement that service be obtained prior to the running of the statute. We therefore agree with Smith.
Unfortunately for this plaintiff, our agreement with the rule established in Smith does not solve her problem, because she did not serve the new defendants within 120 days after filing the motion for leave to amend, as is required by rule 1.070(i). Although we are sympathetic to her plight, she cannot have it both ways. If her complaint is to have been deemed filed when her motion for leave to amend was filed, it necessarily follows that she had to comply with rule 1.070(i), the purpose of which is to assure the "diligent prosecution of law suits once a complaint is filed." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla. 1992).
Although there is a good cause exception for the 120 day service requirement, plaintiff *276 suggests no good cause here, arguing only that the court had not yet granted her motion to amend. Plaintiff gives no reason, however, for the 6 month delay in having the agreed order to amend entered by the court. Her own failure to have the order entered more promptly cannot constitute good cause for not serving defendants as required by rule 1.070(i).
Our legislature determined as a matter of public policy, when it enacted section 95.11(3)(a), that a plaintiff should have no more than 4 years in which to file this type of action, and that period affords:
[P]arties needed protection against the necessity of defending claims which, because of their antiquity, would place the defendant at a grave disadvantage. In such cases how resolutely unfair it would be to award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses. Indeed, in such circumstances, the quest for truth might elude even the wisest court. The statutes are predicated on the reasonable and fair presumption that valid claims which are not usually left to gather dust or remain dormant for long periods of time.
Nardone v. Reynolds, 333 So.2d 25, 36 (Fla. 1976), quoting from Riddlesbarger v. Hartford Ins. Co., 74 U.S. (7 Wall.) 386, 19 L.Ed. 257 (1868).
In addition to the 4 years, plaintiff had an additional 120 days in which to serve these defendants and thus notify them of her claims. Extending that period, in the absence of good cause for failing to obtain service, would be neither legally supportable nor fair to the defendants.
Although we affirm dismissal, the fact that we are doing so under rule 1.070(i), under which a dismissal is without prejudice, requires a remand so that the words "with prejudice" may be removed from the order, even though that change will be a mere technicality so far as this plaintiff is concerned.
Affirmed in part, reversed in part.
GLICKSTEIN and PARIENTE, JJ., concur.