PATTERSON, Judge.
The appellants, Starvest U.S., Inc., Jacques DeBruijn, and Telstar Euramco, Inc., challenge a nonfinal order granting a motion for declaratory judgment which construes a written lease for commercial property in favor of the appellee, William Polfer, d/b/a Bank Surplus Sales. We reverse and remand for further proceedings.
Polfer filed a complaint against the appellants and requested injunctive relief, possession, and specific performance. After the appellants filed a responsive pleading, Polfer filed a motion for declaratory judgment to construe a written lease for commercial property. The trial court entered an order granting the motion.
Florida Rule of Civil Procedure 1.190(a) provides that once an original complaint and a responsive pleading have been filed, “a party may amend a pleading only by leave of court or by written consent of the adverse party.” Here, Polfer failed to obtain leave of court. He also brought an action by motion which he should have brought by a complaint for declaratory relief. As the parties have stipulated, the motion for declaratory judg *876 ment was a nullity because Polfer neither requested nor received leave of court. See Fusilier v. Markov, 676 So.2d 1053 (Fla. 3d DCA 1996); Warner-Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983); Florida Power & Light v. System Council U-4 of the Int’l Bhd. of Elec. Workers, AFL-CIO, 307 So.2d 189 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 105 (Fla.1976). Thus, we reverse the order granting the motion for declaratory judgment. On remand, Polfer may properly amend the complaint and seek a declaratory judgment.
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., concur.