PER CURIAM.
This appeal presents the very narrow issue of whether the trial court erred in awarding a contingency risk multiplier on the attorney’s fees it awarded the plaintiff, Jeanne Van Bockel, after her insurer, Explorer Insurance Company, settled her uninsured motorist claim. Because there was no legal basis to award a multiplier in this case, we reverse.
Van Bockel was injured in an auto accident while she was insured with Explorer. After Van Bockel determined that the al *846 leged tortfeasor had no insurance, she filed a claim for uninsured motorist (UM) benefits with Explorer. When Explorer refused to tender the $10,000 UM policy limits, Van Bockel filed suit for breach of contract against Explorer.
During the course of the proceedings, Van Bockel served Explorer with two proposals for settlement pursuant to section 768.79, Florida Statutes. Explorer did not accept either proposal. In addition, Van Bockel filed a Civil Remedy Notice with the Department of Insurance pursuant to section 624.155, Florida Statutes (2003), Florida’s bad faith statute, alleging that Explorer had failed to attempt to settle her claim in good faith. Explorer denied the allegations of Van Bockel’s Civil Remedy Notice and did not pay her within the sixty-day cure period provided in section 624.155(3)(d).
After a trial in which liability was hotly contested, the jury determined that the alleged tortfeasor was 100 percent at fault and returned a verdict in favor of Van Bockel for $127,800. Shortly thereafter, Explorer filed a motion to set aside the verdict and a motion for new trial. In response, Van Bockel filed a motion seeking leave to amend her complaint to add a bad faith action against Explorer under section 624.155. However, before the trial court heard or ruled on any of these motions, the parties settled the case.
After the settlement was reached, Van Bockel filed a motion for attorney’s fees, including a contingency risk multiplier, pursuant to sections 768.79 and 624.155(4). Explorer conceded that Van Bockel was entitled to an award of attorney’s fees pursuant to section 768.79. However, Explorer did not agree that Van Bockel was entitled to a multiplier under section 768.79 or to either attorney’s fees or a multiplier under section 624.155(4). Following a hearing, the trial court awarded Van Bockel attorney’s fees with a multiplier; however, the trial court’s order did not state the statutory basis for the award of either attorney’s fees or the multiplier.
In this appeal, the parties agree that Van Bockel was entitled to an award of attorney’s fees, but not a multiplier, under section 768.79. See Sarkis v. Allstate Ins. Co., 863 So.2d 210, 218 (Fla.2003) (holding that an award of a multiplier is improper under, section 768.79). The parties also agree that if Van Bockel was entitled to attorney’s fees under section 624.155, the trial court could properly award a multiplier as well. See Inacio v. State Farm Fire & Cas. Co., 550 So.2d 92, 97 (Fla. 1st DCA 1989) (approving the use of a multiplier to attorney’s fees awarded on actions under section 624.155). Thus, the crux of the parties’ dispute is whether Van Bockel was entitled to an attorney’s fee award under section 624.155 that would support an award of a multiplier. We agree with Explorer that she was not.
It is axiomatic that to be entitled to a fee award pursuant to a particular statutory provision, a litigant must bring a cause of action that falls within the purview of that statute. Thus, in order to be entitled to an award of attorney’s fees pursuant to section 624.155, Van Bockel had to actually bring a bad faith action against Explorer under section 624.155. Because she never brought a bad faith action against Explorer under section 624.155, Van Bockel was not entitled to an award of attorney’s fees or a multiplier under section 624.155(4) as a matter of law.
It is true that Van Bockel’s bad faith claim did not accrue until she had prevailed in the underlying action against the tortfeasor. Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991). It is also true that Van Bockel filed a motion for leave to amend her complaint to add a bad faith action against Explorer shortly after the jury returned its verdict in the underlying litigation. However, *847 Van Bockel never took any steps to have the court hear and rule on her motion for leave to amend. Because leave of court was required before Van Bockel could properly file the amended complaint, see Fla. R. Civ. P. 1.190(a), and because Van Bockel never received leave of court, the amended complaint asserting the bad faith action against Explorer pursuant to section 624.155 was a legal nullity. See Starvest U.S., Inc. v. Polfer, 694 So.2d 875, 876 (Fla. 2d DCA 1997) (holding that an amended complaint filed without leave of court when leave of court is required is a nullity); Warner-Lambert Co. v. Patrick, 428 So.2d 718, 719 (Fla. 4th DCA 1983) (“It is not a large or difficult procedure for the pleader to ask the court for leave to file a supplemental pleading. And what is the consequence when the pleader omits to do so and merely presents the pleading to the Clerk? It is our opinion that the pleading is a nullity. As such the court and the litigants are entitled to ignore it and to determine the controversy on the basis of existent properly filed pleadings.”). Thus, Explorer cannot be liable for attorney’s fees or a multiplier under section 624.155 because no action was ever properly brought pursuant to that statute.
Because Van Bockel was not entitled to a multiplier under either section 768.79 or 624.155 as a matter of law, the trial court erred in awarding a multiplier as part of the attorney’s fee award. Accordingly, we reverse the award of the multiplier and remand for recalculation of the attorney’s fees awarded to Van Bockel.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ„ and THREADGILL, EDWARD F., Senior Judge, Concur.