338 So.2d 878 (1976)
Hazel SMITH, As Administratrix, of the Estate of Raymond Smith, Appellant,
v.
METROPOLITAN DADE COUNTY d/b/a Jackson Memorial Hospital, Appellee.
No. 75-1691.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied November 12, 1976.
Pelzner & Schwedock, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight, L. David Llewellyn, Jackson F. McCoy and Martin S. Saxon, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*879 PER CURIAM.
Hazel Smith seeks reversal of an order dismissing her medical malpractice action against Dade County d/b/a Jackson Memorial Hospital on the grounds she is barred by the statute of limitations [Section 95.11(6), Florida Statutes (1975)].
On September 30, 1974, appellant, Hazel Smith as the administratrix of the estate of her son, Raymond, brought a wrongful death action against Dr. Robert Willner. The alleged negligence occurred April 1 and April 6, 1973. On March 28, 1975 (just prior to the running of the statute of limitations), appellant moved for leave to amend praying to only add as defendants Dade County and Dr. Stanley Warren and attached to this motion her amended complaint. On May 29 the court granted the motion and the amended complaint was served on July 11. On July 21 Dade County moved to dismiss on the grounds the amended complaint was barred by the statute of limitations.[1] After hearing argument of counsel, the trial judge dismissed the complaint.
Appellant basically contends that the filing of her motion for leave to amend along with the amended complaint tolled the two year statute of limitations and, therefore, this defense was not available to the defendant. We find this point has merit.
The better rule is that a motion for leave to amend with the amended complaint attached joining additional defendants filed within the statutory period stands in the place of the actual amendment which is filed with leave of court subsequent to the running of the statute of limitations. See Rademaker v. E.D. Flynn Export Co., 17 F.2d 15 (5th Circuit 1927). Plaintiff having filed her motion for leave to join additional parties before the running of the statute of limitations, it follows that the amended complaint related back to the time of the filing of her motion to amend so as to defeat a defense based on the statute of limitations relating to the time in which an action must be filed. Cf. Galuppi v. Viele, 232 So.2d 408 (Fla.4th DCA 1970).
Accordingly, the order of dismissal is reversed and the cause remanded to the trial court for further proceedings.
So ordered.
NOTES
[1] § 95.11(6), Florida Statute (1975).