538 So.2d 103 (1989)
Ann TROSO and Rose Kendrick, As Legal Guardians of the Person and Property of Vincent Morena, Incompetent, Appellants,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., and George Laporte and Claudette Laporte, d/b/a Tower Motel, Appellees.
No. 85-680.
District Court of Appeal of Florida, Fourth District.
February 8, 1989.
Arnold R. Ginsberg of Horton, Perse and Ginsberg, and David H. Burstyn, P.A., Miami, for appellants.
Thomas K. Equels of Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellee-Florida Ins. Guar. Ass'n, Inc.
Jay Cohen and Cindy Vova-Kratish of Atkinson, Jenne, Diner, Stone, Butterworth & Cohen, P.A., Hollywood, for appellee-George LaPorte and Claudette LaPorte, d/b/a Tower Motel.
WARNER, MARTHA C., Associate Judge.
This is an appeal from the order of the trial court granting defendants' motion to dismiss the amended complaint because it was barred by the running of the statute of limitations. We affirm.
Plaintiffs, appellants herein, filed their original complaint alleging that their ward received injuries as a result of the negligence of the Tower Motel. They named as the sole defendant Florida Insurance Guaranty Association, Inc. (FIGA), which they alleged was appointed as receiver for Eastern Insurance Company, the insolvent insurer of the Tower Motel. FIGA moved to dismiss the complaint alleging that the Tower Motel was an indispensable party to the action. See Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972). That order was granted, and plaintiffs were given thirty days in which to amend their complaint to add Tower Motel as a party defendant in the suit. Discovery commenced, but no amended complaint was filed naming Tower Motel as a defendant. Six months later FIGA moved for Final Judgment of Dismissal because of plaintiffs' failure to amend their complaint within the thirty days required in the order granting the motion to dismiss. The trial court denied that motion but required plaintiffs to amend their complaint within four days. The amended complaint was filed within that time, naming George LaPorte and Claudette LaPorte, d/b/a Tower Motel. Both FIGA and the Tower Motel moved to dismiss the complaint with prejudice because the statute of limitations had run, the incident giving rise to the cause of action having occurred over four years prior to the filing of the amended complaint.
Relying on this court's decision of Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1978), the trial court dismissed the complaint. We agree that Louis v. South Broward Hospital is controlling. The amended complaint in this cause brought a new party into the action, namely the LaPortes, d/b/a Tower Motel. Thus, the amendment does not relate back to the original complaint, and the amended complaint is barred by the statute of limitations.
Appellants place much reliance on Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3rd DCA 1976). In Smith, however, the plaintiffs moved to amend their complaint and attached the proposed amended complaint, neither of which was done in the present case. Not only is it factually distinguishable, Smith is in direct conflict with this court's decision in Warner-Lambert Company v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983).[1]See R.A. Jones and Sons, Inc. v. Holman, 470 So.2d 60, 66 n. 10 (Fla. 3rd DCA 1985). Nevertheless, *105 under either Smith or Warner-Lambert, what would toll the statute of limitations is not the order permitting the amendment but the filing of an authorized amended complaint. See Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577 (Fla. 3rd DCA 1978). Appellants did not file the amended complaint in this case until after the statute had already run.
Since appellants are legally barred from pursuing the insured, no action may now be maintained against FIGA. Peoples v. Florida Insurance Guaranty Association, Inc., 313 So.2d 40 (Fla. 2nd DCA 1975), cert. denied, 327 So.2d 34 (Fla. 1976).
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] In Warner-Lambert, the plaintiff filed an amended complaint without leave of court two days prior to the running of the statute of limitations against Warner-Lambert. Warner-Lambert filed a motion attacking the amended complaint on the ground that it had been served without leave of court after a responsive pleading had been filed. The trial court denied the motion to strike the amended complaint and allowed it to relate back to the date of its filing; otherwise the statute of limitations would have barred the action against Warner-Lambert. This court held that an amendment without leave of court or consent is generally a nullity. Therefore, this court reversed the order denying the motions to quash service of process and to dismiss the amended complaint. We believe Warner-Lambert is the better rule.