669 So.2d 1128 (1996)
Ted ARISON, Appellant,
v.
Robert OFFER and Offer & Associates International, Inc., George Barbar, Alice Bay, Inc., a Florida Corporation, Merle Wood, Wood & Associates, a Florida Corporation, and Robert Jepson, Appellees.
No. 95-0004.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Lawrence D. Winson and Norma J. Shepard of Hornsby, Sacher, Zelman, Stanton & Paul, P.A., Miami, for appellant.
Reed A. Bryan of the Law Office of Reed A. Bryan, Fort Lauderdale, for appellees Robert Offer and Offer and Associates, International, Inc.
KLEIN, Judge.
Ted Arison appeals an order denying his motion to dismiss which was grounded on plaintiff's failure to serve process on him within 120 days of the filing of the complaint, as is required by Florida Rule of Civil Procedure 1.070(i). We affirm.
Arison, a resident and citizen of Israel, was first served by substituted service within 120 days of the filing of the complaint. After the trial court denied Arison's motion to quash that service, he appealed to this court, and we reversed because the substituted service did not comply with section 48.161, Florida Statutes (Supp.1990). Arison v. Offer, 626 So.2d 1039 (Fla. 4th DCA 1993).
*1129 Following our reversal plaintiff promptly served Arison in Israel through the Hague Convention; however, that service occurred more than 120 days after the filing of the complaint, and Arison moved to dismiss. The trial court found that plaintiff had demonstrated good cause under rule 1.070(i) for not serving Arison within 120 days, and Arison appeals. Our standard of review is abuse of discretion. Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993).
Although the issue has not been decided in Florida, the federal courts have held that under the federal counterpart to rule 1.070, Federal Rule of Civil Procedure 4(m), the 120 day service period is tolled while a defendant contests the adequacy of service. See, e.g., Bruley v. Lincoln Property Co., N.C., Inc., 140 F.R.D. 452, 455 (D.Colo.1991); Brown v. Florida Keys Aqueduct Auth., 614 F.Supp. 87, 92 (S.D.Ohio 1985). And the federal 120 day rule, by its own terms, is inapplicable where the defendant is served through the Hague Convention in a foreign county.
The trial court concluded that plaintiff had shown good cause both because defendant was contesting service and because defendant had to be served in a foreign country. We find no abuse of discretion on either ground and affirm.
STONE and PARIENTE, JJ., concur.