695 So.2d 1320 (1997)
Nancy Faye ELDRIDGE and Theresa Barca, as Co-Guardians of the person and property of Nancy Gail Sheets, an incompetent, Appellants,
v.
MULTI-RESOURCES, INC., a Florida corp., Community Environments, Inc., a Florida corp., Church of All Faiths, Inc., a Florida corp., State of Florida Department of Health And Rehabilitative Services, a political subdivision, Ira S. Ehrlich, Ross Wingo, individually, Delton Delaney, individually, Alexandra Pietrowicz, individually, Darrel Osley, individually, Kyle Landis, individually, Cheryl Floyd, individually, Cindi Welch, individually, Cora Perry, individually, Deborah Blizzard, individually, Stephen P. Stoltz, individually, Keith Hoylman, individually, and Margaret Martin, individually, Appellees.
No. 96-0313.
District Court of Appeal of Florida, Fourth District.
July 9, 1997.
*1321 Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, PA, and Jeffrey M. Liggio of Liggio & Luckman, West Palm Beach, for appellants.
Scott S. Warburton of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for Appellees-Multi-Resources, Inc., Community Environments, Inc., Ehrlich, Osley and Pietrowicz.
James V. Lobozzo, Jr. of Trombley, Lobozzo, Schommer, Disler & Accorsi, Sebring, for Appellee-Delaney.
Lee E. Muschott of Muschott & Barnes, Fort Pierce, for Appellees-Landis, Floyd, Welch, Perry and Blizzard.
DELL, Judge.
This appeal follows the dismissal without prejudice, pursuant to rule 1.070(i),[1] Florida Rules of Civil Procedure, of several of the above-named appellees. Appellants Nancy Faye Eldridge and Theresa Barca contend that they timely served appellees. We agree and reverse and remand.
A fellow resident allegedly assaulted Nancy Gail Sheets, an incompetent, at the long-term residential care facility where she resided. Multi-Resources, Inc. operated the facility under a contract with the State of Florida Department of Health and Rehabilitative Services (HRS). On November 25, 1991, appellants, as co-guardians of Sheets, filed an initial complaint naming Multi-Resources as the sole defendant. Soon after, appellants amended the complaint and added HRS as a party-defendant.
On February 1, 1995, appellants filed a motion to amend their complaint to add additional party defendants. Appellants did not attach a copy of the proposed second amended complaint, nor did they identify the prospective defendants in their motion for leave to amend. On May 12, 1995, the trial court granted the motion and stated, "Plaintiff's Amended Complaint is deemed filed on the date of the signing of this order." Appellants filed the second amended complaint on May 12, 1995, adding the following named appellees as defendants: Community Environments, Inc. and Church of All Faiths, Inc. (corporate successors to Multi-Resources)[2]; Ira S. Ehrlich, Delton Delaney, and Ross Wingo (former directors of Multi-Resources); Alexander Pietrowicz and Darrel Osley (Multi-Resources employees); and Kyle Landis, Cheryl Floyd, Cindi Welch, Cora Perry, Deborah Blizzard, Stephen P. Stoltz, Keith Hoylman and Margaret Martin (HRS employees). On June 5, 1995, appellants filed a corrected second amended complaint without leave of court purportedly to correct a scrivener's error.
The record shows that between June 2 and July 11, 1995, appellants completed service on appellees Perry, Pietrowicz, Osley, Ehrlich, Landis, and Blizzard. The record also shows that between June 8 and July 12, 1995, appellants served appellees Welch, Floyd, and Delaney with the corrected second amended complaint. The record does not disclose whether or when appellants completed service on Community Environments, Inc. and Church of All Faiths, Inc. The aforementioned appellees all moved to dismiss appellants' second amended complaint because appellants allegedly failed to serve them within 120 days, pursuant to Florida Rule of Civil Procedure 1.170(i). The trial court concluded that the 120-day period began to run on the date of filing the motion seeking leave to amend the complaint and granted appellees' motion to dismiss on the authority of Frew v. Poole and Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995).
Appellants contend that Frew does not apply to the facts of this case, and the trial court should have computed the 120-day period for service of process from May 12, 1995, the date the amended complaint was filed. We find merit in appellants' argument.
*1322 In Frew, plaintiff filed a motion to amend his complaint with the amended complaint attached. The amended complaint identified the prospective new defendant. Id. at 273. We held that the filing of the amended complaint tolled the statute of limitations and initiated the 120-day period for service of process of the amended complaint. Id. Here, the motion for leave to amend did not identify the prospective defendants and appellants did not file the amended complaint until the trial court granted their motion for leave to amend on May 12, 1995. Until appellants filed their amended complaint, the appellees had not been identified. Therefore, neither the tolling of the statute of limitations nor the 120-day limitation on service of process could occur. Our conclusion coincides with Frew:
If her complaint is to have been deemed filed when her motion for leave to amend was filed, it necessarily follows that she had to comply with rule 1.070(i), the purpose of which is to assure the "diligent prosecution of law suits once a complaint is filed." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992).
Id. at 275. Furthermore, in Arison v. Offer, 669 So.2d 1128 (Fla. 4th DCA 1996), this court concluded that the filing of the complaint initiated the 120-day period under rule 1.070(j). On that same date, this court also stated in Docktor v. McCrocklin, 669 So.2d 1129 (Fla. 4th DCA 1996), that "we reverse for failure to serve process within 120 days from the filing of the amended complaint...."
We also hold that the 120-day period under rule 1.070(i) begins to run on the date of the filing of the complaint. The trial court should have used the date May 12, 1995, in computing the timeliness of appellants' service of process on appellees. Appellants therefore had until September 9, 1995 to complete service of process on appellees. The record confirms that appellants timely completed service on the appellees.
Appellees Floyd, Welch, and Delaney separately argue that appellants' failure to obtain leave to file the corrected second amended complaint, with which they were served, entitles them to dismissal. We disagree. Although appellants failed to file a motion for leave to file the second amended complaint as required by Florida Rule of Civil Procedure 1.190(a), we deem the error harmless because the complaints were substantively the same. The amendment in the corrected second amended complaint merely corrected scrivener's errors and did not alter appellants' cause of action. Accordingly, with the exception of Community Environments, Inc. and Church of All Faiths, Inc., we reverse the trial court's order dismissing appellees. We remand this cause for further proceedings consistent herewith.
REVERSED and REMANDED.
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] Rule 1.070(i) was redesignated 1.070(j) effective January 1, 1997.
[2] This court has severed Community Environments, Inc. and Church of All Faiths, Inc. from this appeal due to a pending bankruptcy proceeding.