BLUE, Judge.
Kelly Dean Permenter appeals the entry of a final summary judgment in favor of Geieo General Insurance Company. The trial court found Permenter’s claim for uninsured motorist coverage was barred by the five-year statute of limitations. ■ Permenter contends that he filed a motion to amend, to add Geico as a party, within the limitations period and the motion tolled the statute of limitations. Alternatively, he contends that the amended complaint relates back to the motion to amend, thus making the amended complaint timely. Because we conclude the trial court properly entered final summary judgment against Permenter and in favor of Geieo on the statute of limitations defense, we affirm.
Permenter was involved in a automobile accident on April 12, 1991. Almost four years later, he filed suit against the other driver. On March 25, 1996, Permenter filed a motion to amend the complaint to add Geico as a defendant and to assert a claim for uninsured motorist coverage against the insurance company. The motion to amend was not heard until July 31, 1996, when it was granted. The amended complaint was then filed and served on Geico. Geico’s answer included its affirmative defense that the claim was barred by the statute of limitations. Geico moved for summary judgment, which the trial court granted based on the statute of limitations defense.
Much of the argument in this case centered on the fact that Permenter filed his motion to amend without attaching the proposed amended complaint. Although we consider it to be the better practice, the rules do not appear to require the attachment of the proposed complaint to the motion to amend. *1179 Therefore, this failure plays no part in our decision.
Permenter relies on the rule set forth in Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3d DCA 1976), which holds that a motion to amend a complaint tolls the statute of limitations and the amended complaint relates back to the time of filing the motion to amend. Frew v. Poole & Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995), is also cited as following the holding in Smith that a motion to amend tolls the statute of limitations. We must admit some confusion about the position of the Fourth District on this question. In Troso v. Florida Insurance Guaranty Ass’n, 538 So.2d 103 (Fla. 4th DCA 1989), the Fourth District recognized a conflict with Smith. See also R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985) (noting conflict between Third and Fourth Districts on this issue). In Frew, however, the Fourth District denies conflict and adopts the Third District’s rule in Smith. See Frew, 654 So.2d at 274. Because we do not find these decisions persuasive, we certify conflict with Smith and Frew.
We hold there is no statutory basis to support a tolling of the statute of limitations by the filing of a motion to amend. In chapter 95, Florida Statutes, the legislature has established certain statutes of limitations and has specifically enumerated the events that toll the running of such limitation periods. Permenter does not suggest that any of the tolling provisions in section 95.051, Florida Statutes (1991), pertain to this case and we find none that are applicable. “Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any ‘other reason,’ we are not free to create an exception to that determination.” Swartzman v. Harlan, 535 So.2d 605, 607 (Fla. 2d DCA 1988) (citation omitted). See also Grantham v. Blount, Inc., 683 So.2d 538 (Fla. 2d DCA 1996) (holding that a judicially created tolling provision would be contrary to the all-inclusive tolling statute enacted by the legislature), review denied, 690 So.2d 1299 (Fla.1997) (table citation). Accordingly, we decline to create a tolling period for a statute of limitations as is propounded in this ease.
Furthermore, the rules of civil procedure do not authorize the relation back of the amended complaint in this case to, the date the original complaint was filed. Florida Rule of Civil Procedure 1.190(c) provides that an amended complaint relates back to the date of the original complaint (not the date of the motion to amend) when the claim in the amended complaint arose out of the same conduct, transaction or occurrence set forth in the original pleading. This court has held that “[t]he rule which permits the relation back of amended pleadings does not apply where an entirely new party is added.” Johnson v. Taylor Rental Center, Inc., 458 So.2d 845, 846 (Fla. 2d DCA 1984) (citation omitted). Because Permenter is attempting to add Geieo as an entirely new party to his pending action against the other driver, the amended complaint does not relate back to the date of the original complaint.
Accordingly, we affirm the final summary judgment holding that Permenter’s claim against Geieo was barred by the statute of limitations. We recognize that our decision conflicts with Smith and Frew and we certify the conflict to the Florida Supreme Court.
Affirmed; conflict certified.
FRANK, A.C.J., and LENDERMAN, JOHN C., Associate Judge, concur.