PER CURIAM.
Jimmie E. Williams petitions this court for a writ of certiorari to quash a trial court order dismissing several claims in his third-party complaint. We treat the petition as a notice of appeal, Skinner v. Skinner, 561 So.2d 260 (Fla.1990), and reverse the order.
The court erred in dismissing the claims on statute of limitations grounds. An amended complaint relates back to the date a motion to amend is filed; the timely filing of such motion defeats a statute of limitations defense. See Smith v. Metropolitan Dade County, 338 So.2d 878, 879 (Fla. 3d DCA 1976). In this case, the motion was filed within the statute of limitations period: Williams’s claims arose less than four years before he filed his “Motion to Add Necessary and Indispensable Parties.” When the court granted leave to amend, the amendment related back to the date the motion was filed and defeated the statute of limitations defense.
Additionally, dismissal was not appropriate for failure to serve defendants within 120 days of filing the motion, as required in Frew v. Poole & Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995). We decline to interpret Florida Rule of Civil Procedure Rule 1.070(j) as requiting service within 120 days of filing a motion to amend. This result is illogical because the clerk will not issue process unless the court grants the motion for leave to amend. The Frew decision places the movant in the untenable position of attempting to perfect service before the clerk will issue process. We will not endorse this illogical interpretation. It is this court’s view that the 120-day period begins to run on the day the order granting leave to amend is entered.
Based on the foregoing, we reverse the dismissal order and certify conflict with Frew.
Reversed and remanded for further proceedings.