COPE, Judge.
Appellants, plaintiffs in an automobile accident action, appeal the dismissal of their *606 complaint with prejudice for failure to timely serve appellees/defendants. We reverse.
In February 1996, plaintiffs filed a complaint in connection with a 1992 accident between plaintiffs and defendants. After filing the action, plaintiffs attempted to serve defendants at the address provided in the accident report, but the landlord at that location advised that defendants had moved without leaving a forwarding address. Plaintiffs then hired an investigator who determined that the driver’s license and motor vehicle records did not have a better address for defendants. Plaintiffs then properly obtained an extension of time to serve defendants. After obtaining the extension, plaintiffs searched multiple types of records but could not obtain a better address. Plaintiffs obtained an additional extension of time for service, through February 10,1997.
After the entry of the second extension order plaintiffs amended their complaint to provide for service upon the Secretary of State and conducted additional fruitless searches for defendants’ location. Plaintiffs finally served the Secretary of State on March 13, 1997, thirty-one days after expiration of the order extending the deadline. Subsequently, the trial court entered an order dismissing the amended complaint for failure to obtain service prior to February 10, 1997. Plaintiffs have appealed.
As a preliminary matter, plaintiffs argue that service was timely because it was made within 120 days of the amendment of the complaint to provide for service on the secretary of state. Under Florida Rule of Civil Procedure 1.070(j), service is to be accomplished within 120 days of the “filing of the initial pleading.” An amended complaint has been determined to be an “initial pleading” as to new parties added in an amended complaint. See Eldridge v. Multi-Resources, Inc., 695 So.2d 1320, 1322 (Fla. 4th DCA 1997); Docktor v. McCrocklin, 669 So.2d 1129 (Fla. 4th DCA 1996). However, that rule has no application here because defendants were not new parties added as part of the amendment to the complaint. Thus, we reject plaintiffs’ argument on that point.
Nevertheless, we reverse the dismissal of the amended complaint because the record in this case shows sufficient good cause for the failure to timely provide service. “The trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented.” Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992).
Here, Florida law requires that a driver keep current the address for his or her motor vehicle registration and driver’s license. See §§ 320.02(4), 322.19, Fla. Stat. (1997). This is an automobile accident case in which plaintiffs tried service at the address listed in the accident report, hired an investigator, and tried driver’s license, motor vehicle, and numerous other records to obtain a proper address for defendants. Plaintiffs also sought and obtained several extensions of time and amended their complaint to provide for service on the secretary of state.
While plaintiffs should not have allowed the final extension of time to expire before serving the secretary of state, the record as a whole shows diligence over an extended period of time in attempting to locate and serve defendants, see Morales, 601 So.2d at 539, the main obstruction to which was defendants’ failure to report changes of address when they moved as required by the foregoing statutes. While reluctant to second-guess the trial court, it is our view that good cause was shown and the action should not have been dismissed.
Reversed.