754 So.2d 671 (2000)
TOTURA & COMPANY, INC., Petitioner,
v.
Jimmie E. WILLIAMS, Respondent.
Kelly Dean Permenter, Petitioner,
v.
Geico General Insurance Company, Respondent.
Nos. SC94229, SC93471.
Supreme Court of Florida.
February 17, 2000.
*672 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, Florida; and Craig A. LaPorte of Proly & LaPorte, P.A., Port Richey, Florida, for Petitioners.
G. Everett Burghardt-Williams, I. of G.E.B. Williams, I., P.A., Jacksonville, Florida; and Nina M. Hanson of the Law Offices of Howard W. Weber, Tampa, Florida, for Respondents.
Michael D. Eriksen of Romano, Eriksen & Cronin, West Palm Beach, Florida, for the Academy of Florida Trial Lawyers, Amicus Curiae.
LEWIS, J.
We have for review Williams v. Totura & Company, Inc., 718 So.2d 375 (Fla. 3d DCA 1998), based on certified conflict with the decision in Frew v. Poole & Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995), on the issue of whether Florida Rule of Civil Procedure 1.070(j) requires service of process within 120 days of filing a motion to amend a complaint or within 120 days of the order granting leave to amend. We also have the case of Permenter v. Geico General Insurance Company, 712 So.2d 1178 (Fla. 2d DCA 1998), based on certified conflict with Frew and Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3d DCA 1976), regarding the issue of whether a statute of limitations bars an action set forth in an amended complaint where the motion to amend the complaint is filed within the applicable limitation period, but permission to amend is not granted by the court until after the limitation period has expired. We consolidate these two cases for disposition in one opinion. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we approve the decision of the Third District Court of Appeal in Williams on both the service of process issue and the statute of limitations issue. We quash the decision in Permenter. We also approve the opinion in Frew on the statute of limitations issue but disapprove the opinion as to the service of process issue. Further, we approve the opinion of the Third District in Smith.

MATERIAL FACTS
Respondent Jimmie E. Williams (Williams) filed a motion to amend his third-party complaint, seeking to add petitioner Totura & Company, Inc. (Totura), as a third-party defendant. Williams, 718 So.2d at 376. Although the motion was eventually granted, the trial court dismissed several of his claims. On appeal, the Third District reversed on two grounds. First, the court found that the trial judge erred in dismissing the claims based on the running of the statute of limitations. Id. Based on its own precedent, the court reasoned that when the trial judge granted Williams' motion to amend, "the amendment related back to the date the motion was filed and defeated the statute of limitations defense." Id.
As to the conflict issue, the Third District found that "dismissal was not appropriate for failure to serve defendants *673 within 120 days of filing the motion, as required in Frew v. Poole & Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995)." Williams, 718 So.2d at 376. In declining to interpret Florida Rule of Civil Procedure 1.070(j) in such a manner, the court explained:
This result is illogical because the clerk will not issue process unless the court grants the motion for leave to amend. The Frew decision places the movant in the untenable position of attempting to perfect service before the clerk will issue process. We will not endorse this illogical interpretation. It is this court's view that the 120-day period begins to run on the day the order granting leave to amend is entered.
Id. Accordingly, the Third District reversed and remanded the dismissal order, and certified conflict with Frew. Id.
In Permenter, petitioner Kelly Dean Permenter (Permenter) was involved in a car accident on April 12, 1991. 712 So.2d at 1178. He did not file suit against the other driver until almost four years after the accident. Approximately one year later, on March 25, 1996, Permenter filed a motion for leave to amend the complaint to add Geico General Insurance Company (Geico) as a defendant to assert an uninsured motorist coverage claim against Geico arising from the subject matter of the pending litigation. The motion was not heard for over four months, at which time it was granted. Thereafter, the amended complaint was filed and served on Geico. Geico moved for summary judgment under a statute of limitations defense, which the trial court granted. Id.
On appeal, the Second District affirmed the trial court's order and held "there is no statutory basis to support a tolling of the statute of limitations by the filing of a motion to amend." Id. at 1179. In reaching that determination, the court reasoned:
In chapter 95, Florida Statutes, the legislature has established certain statutes of limitations and has specifically enumerated the events that toll the running of such limitation periods. Permenter does not suggest that any of the tolling provisions in section 95.051, Florida Statutes (1991), pertain to this case and we find none that are applicable. "Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any `other reason,' we are not free to create an exception to that determination." Swartzman v. Harlan, 535 So.2d 605, 607 (Fla. 2d DCA 1988) (citation omitted). See also Grantham v. Blount, Inc., 683 So.2d 538 (Fla. 2d DCA 1996) (holding that a judicially created tolling provision would be contrary to the all-inclusive tolling statute enacted by the legislature), review denied, 690 So.2d 1299 (Fla.1997) (table citation). Accordingly, we decline to create a tolling period for a statute of limitations as is propounded in this case.
Furthermore, the rules of civil procedure do not authorize the relation back of the amended complaint in this case to the date the original complaint was filed. Florida Rule of Civil Procedure 1.190(c) provides that an amended complaint relates back to the date of the original complaint (not the date of the motion to amend) when the claim in the amended complaint arose out of the same conduct, transaction or occurrence set forth in the original pleading. This court has held that "[t]he rule which permits the relation back of amended pleadings does not apply where an entirely new party is added." Johnson v. Taylor Rental Center, Inc., 458 So.2d 845, 846 (Fla. 2d DCA 1984) (citation omitted). Because Permenter is attempting to add Geico as an entirely new party to his pending action against the other driver, the amended complaint does not relate back to the date of the original complaint.
Id. Nevertheless, the Second District recognized that its decision conflicted with Frew and the Third District's decision in Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3d DCA 1976), upon which *674 Frew relied for the proposition that a motion for leave to amend a complaint tolls the statute of limitations and the amended complaint relates back to the time of filing the motion to amend.

LAW AND ANALYSIS
The certified conflict in Williams is not as clear cut as it may appear at first glance. Indeed, it is very fact-specific in that Frew concerns a motion for leave to amend accompanied by the amended complaint, while Williams does not. Another indication that Frew is limited to its facts may be found in the Fourth District's subsequent decision in Eldridge v. Multi-Resources, Inc., 695 So.2d 1320 (Fla. 4th DCA 1997), where it distinguished Frew and held that "the 120-day period under rule 1.070(i) begins to run on the date of the filing of the complaint." Eldridge, 695 So.2d at 1322.[1] However, before developing that point further, we begin our inquiry by examining Frew.

Frew
In Frew, the plaintiff filed her original complaint in October 1992 for an injury allegedly caused by the defendants on December 7, 1988, almost four years earlier. 654 So.2d at 273. Thereafter, on December 4, 1992, the plaintiff filed a motion for leave to amend her original complaint to add several new defendants. The proposed amended complaint was attached to the motion for leave to amend. However, the plaintiff did not obtain the agreed-upon order from the court allowing the amended complaint until June 15, 1993, over six months later. The newly added defendants were finally served with the complaint in July 1993. Id. Those defendants filed a motion to dismiss, claiming that the motion for leave to amend did not toll the four-year statute of limitations, and that they were not served within 120 days after the filing of the motion for leave to amend. Id. The trial court granted the motion to dismiss after ruling that the filing of the motion for leave to amend, with the amended pleading attached, did not toll the statute of limitations. Id.
On appeal, the Fourth District affirmed on other grounds after concluding that "a plaintiff filing an original complaint need only file the complaint prior to the running of the period of limitations, in order to toll the statute, and service can be obtained after the expiration of the period." Id. at 275. Central to the court's reasoning was its recognition that under Florida Rule of Civil Procedure 1.050, "an action is `commenced' for limitations purposes, when a complaint is filed." Id. Thus, while rejecting the trial court's basis for dismissing the suit, the Fourth District still agreed with the resulting dismissal because the plaintiff had failed to perfect service of process within 120 days after the filing of the motion to amend.
In affirming dismissal on the service of process issue, the court reasoned:
A plaintiff who must obtain leave of court to amend to add additional parties in an existing law suit could, by filing a separate law suit against the new defendants, avoid having to obtain service prior to the running of the statute, if service were required. It makes no sense to us to require such a plaintiff to clog the courts with a separate law suit, in order to get around a requirement that service be obtained prior to the running of the statute. We therefore agree with Smith [v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3d DCA 1976)].
Unfortunately for this plaintiff, our agreement with the rule established in Smith does not solve her problem, because she did not serve the new defendants within 120 days after filing the motion for leave to amend, as is required by rule 1.070(i). Although we are sympathetic to her plight, she cannot have it both ways. If her complaint is to have *675 been deemed filed when her motion for leave to amend was filed, it necessarily follows that she had to comply with rule 1.070(i), the purpose of which is to assure the "diligent prosecution of law suits once a complaint is filed." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992).
Although there is a good cause exception for the 120 day service requirement, plaintiff suggests no good cause here, arguing only that the court had not yet granted her motion to amend. Plaintiff gives no reason, however, for the 6 month delay in having the agreed order to amend entered by the court. Her own failure to have the order entered more promptly cannot constitute good cause for not serving defendants as required by rule 1.070(i).
Our legislature determined as a matter of public policy, when it enacted section 95.11(3)(a), that a plaintiff should have no more than 4 years in which to file this type of action, and that period affords:
[P]arties needed protection against the necessity of defending claims which, because of their antiquity, would place the defendant at a grave disadvantage. In such cases how resolutely unfair it would be to award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses. Indeed, in such circumstances, the quest for truth might elude even the wisest court. The statutes are predicated on the reasonable and fair presumption that valid claims which are not usually left to gather dust or remain dormant for long periods of time.

Nardone v. Reynolds, 333 So.2d 25, 36 (Fla.1976), quoting from Riddlesbarger v. Hartford Ins. Co., 74 U.S. (7 Wall.) 386, 19 L.Ed. 257 (1868).
In addition to the 4 years, plaintiff had an additional 120 days in which to serve these defendants and thus notify them of her claims. Extending that period, in the absence of good cause for failing to obtain service, would be neither legally supportable nor fair to the defendants.
Frew, 654 So.2d at 275-76.

Eldridge
In Eldridge, as in Williams, the plaintiffs filed a motion to amend their complaint to add additional party defendants. Eldridge, 695 So.2d at 1321. In so doing, they did not attach a copy of the proposed second amended complaint, nor did they even identify the prospective defendants. Over three months later, the trial court granted the motion and stated in the order that the amended complaint was "deemed filed on the date of the signing of this order." Id. On that same date, the plaintiffs filed the second amended complaint, which added several new defendants. Thereafter, the plaintiffs timely served all but two of the newly added defendants, that is, within 120 days of the filing of the amended complaint. Id. at 1321-22. The trial court subsequently granted the newly added defendants' motion to dismiss for failure to perfect service within 120 days of filing the motion seeking leave to amend, concluding that under Frew the 120-day time period began on the date of the filing of the motion to amend. Id. at 1321.
The Fourth District reversed on appeal, agreeing with the plaintiffs' argument that its prior decision in Frew was distinguishable:
In Frew, plaintiff filed a motion to amend his complaint with the amended complaint attached. The amended complaint identified the prospective new defendant. Id. at 273. We held that the filing of the amended complaint tolled the statute of limitations and initiated the 120-day period for service of process *676 of the amended complaint. Id. Here, the motion for leave to amend did not identify the prospective defendants and appellants did not file the amended complaint until the trial court granted their motion for leave to amend on May 12, 1995. Until appellants filed their amended complaint, the appellees had not been identified. Therefore, neither the tolling of the statute of limitations nor the 120-day limitation on service of process could occur. Our conclusion coincides with Frew:

If her complaint is to have been deemed filed when her motion for leave to amend was filed, it necessarily follows that she had to comply with rule 1.070(i), the purpose of which is to assure the "diligent prosecution of law suits once a complaint is filed." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992).

Id. at 275. Furthermore, in Arison v. Offer, 669 So.2d 1128 (Fla. 4th DCA 1996), this court concluded that the filing of the complaint initiated the 120-day period under rule 1.070(j). On that same date, this court also stated in Docktor v. McCrocklin, 669 So.2d 1129 (Fla. 4th DCA 1996), that "we reverse for failure to serve process within 120 days from the filing of the amended complaint...."
We also hold that the 120-day period under rule 1.070(i) begins to run on the date of the filing of the complaint. The trial court should have used the date May 12, 1995, in computing the timeliness of appellants' service of process on appellees. Appellants therefore had until September 9, 1995 to complete service of process on appellees. The record confirms that appellants timely completed service on the appellees.
Eldridge, 695 So.2d at 1322 (emphasis added). Finally, the Fourth District rejected the argument of three of the late-added defendants that the plaintiff's failure to obtain leave to file the corrected second amended complaint entitled them to dismissal.[2] While acknowledging that Florida Rule of Civil Procedure 1.190(a) requires such judicial approval, the court found the error harmless because the complaints were essentially mirror images of each other, with the corrected second amended complaint rectifying several scrivener's errors. Id.

Florida Rule of Civil Procedure 1.070(j)
As a preliminary matter, Florida Rule of Civil Procedure 1.070 is titled "Process" and provides that "[u]pon the commencement of the action, summons or other process authorized by law shall be issued forthwith by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service without praecipe."[3] Fla. R. Civ. P. 1.070(a) (1999). Thus, the filing of an initial complaint is an act largely within the plaintiff's control which triggers an almost automatic administrative or judicial action.
From that starting point, the rule at issue in this case is Florida Rule of Civil Procedure 1.070(j). The 1998 version of that rule provided:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a *677 voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
Fla. R. Civ. P. 1.070(j) (1998). On September 24, 1998, this Court, on its own motion, issued an opinion proposing an amendment to rule 1.070(j). See Amendment to Florida Rule of Civil Procedure 1.070(j)Time Limit for Service, 720 So.2d 505, 505-06 (Fla.1998). In proposing the amendment, we recognized that rule 1.070(j) often exacted harsh results, such as where noncompliance triggered dismissal without prejudice, but expiration of the statute of limitations would preclude refiling of the action. See id. at 505. Thus, in such a situation, dismissal for procedural noncompliance could have the practical effect of dismissal with prejudice. In following the amendment of the corresponding federal rule,[4] we observed that "[t]he [federal] rule as amended grants a court broad discretion to extend the time for service even when good cause has not been shown ... [b]ut ... requires a mandatory extension where good cause for the failure to serve is shown." Id. (citation omitted). We also recognized that the old rule was a litigation breeder wherein the dismissal of one action in the name of judicial case management simply generated another action predicated upon legal malpractice. Id. After receiving comments from interested persons regarding the proposed amendment to rule 1.070(j), we issued a subsequent opinion adopting the following, and now-current, version of the rule:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
Amendment to Florida Rule of Civil Procedure 1.070(j)-Time Limit for Service, 746 So.2d 1084, 1084 (Fla.1999), reh'g denied, No. 93,367 (Fla. Oct. 29, 1999) (unpublished order).
It is obvious that rule 1.070(j) must be read in conjunction with rule 1.190(a), which provides:
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading with[in] 10 days after service of the amended pleading unless the court otherwise orders.
Fla. R. Civ. P. 1.190(a) (emphasis added.) As is apparent, a problem with even the most recently amended version of rule 1.070(j) is that it does not specifically address amended complaints, such as those in these cases. The conflict arising from the thoughtful and reasonable analyses of multiple jurists, which generated the necessity for resolution, once again demonstrates that all too often rules and technicalities consume the very substance for which our system of justice exists. Rules just seem to spawn more rules to coordinate the original and subsequent rules. Accordingly, we find it necessary to amend the rule once again to now read:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 *678 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. If a motion for leave to amend or proposed amended complaint sufficiently identifies the new party or parties and contains a short statement of facts for which relief will be demanded, the 120-day period for service of amended complaints shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
With the flexibility of this new rule, courts will have greater latitude to deal with cases such as these where technical defenses become the centerpiece of the litigation and the merits are obscured, if not totally overshadowed. As our courts have consistently admonished, that is not the purpose of the rules of civil procedure, see Fla. R. Civ. P. 1.010 (directing that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every action"), as they have been contemplated by this Court and other Florida appellate courts. See Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993) (identifying purpose as "encourag[ing] the orderly movement of litigation"); Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (observing that "[t]he purpose of the rules of civil procedure is to promote the orderly movement of litigation"); Amlan, Inc. v. Detroit Diesel Corp., 651 So.2d 701, 704-05 (Fla. 4th DCA 1995) (citing Mercer for proposition that "[t]he purpose of the Rules of Civil Procedure is to promote the orderly movement of litigation"). That bedrock principle supports the proposition that rule 1.070(j) is intended to be "a case management tool, not an additional statute of limitations cutting off liability of a tortfeasor." Root v. Little, 721 So.2d 836, 837 (Fla. 5th DCA 1998).
As alluded to above, initial and amended complaints are similar but still distinct legal entities. On one hand, preparation and service of the initial complaint is largely within the plaintiff's control and only requires pro forma administrative or judicial involvement. In contrast, an amended complaint requires a motion for leave to amend and direct judicial sanction under rule 1.190(a).[5]
On that basis, the interpretation and application of the rules set forth in the Third District's reasoning in Williams are more practical and persuasive than those of the Fourth District in Frew.[6] Moreover, while the Fourth District in Frew was properly concerned with undue delay and presented an intellectually direct literal interpretation, the rule established therein puts the cart before the horse in essentially requiring plaintiffs to press ahead with service before the formal issuance of process. *679 The fault is with the rules, not the judicial struggle to fairly analyze the problem. Accordingly, we approve the rule in Williams and disapprove the rule in Frew on this discrete issue.
Finally, we caution that our decision should not be misconstrued as affording litigants an open-ended period of nonprosecution of the action while passively waiting for the trial court to grant a motion for leave to amend. As we recently emphasized:
Trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them. We refuse to construe appropriate case management activities in such a way as to give the parties leave to ignore the case for another year before dismissal is possible. Such a construction would thwart the purpose of case management and the purpose of the rule itself-to encourage prompt and efficient prosecution of cases and to clear court dockets of cases that have essentially been abandoned.
Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992). Hence, we strongly encourage litigants to affirmatively move their cases along or face dismissal for failure to prosecute under Florida Rule of Civil Procedure 1.420(e).[7]See, e.g., Fuster-Escalona v. Wisotsky, 715 So.2d 1053, 1054 (Fla. 4th DCA 1998) (affirming dismissal because "mere filing of a motion to recuse the trial judge, without any attempt to set the motion for hearing, is not sufficient to excuse a plaintiff's lack of record activity" during preceding year) (emphasis added), review granted, 727 So.2d 905 (Fla.1999).[8] Accordingly, in cases where a motion for leave to amend is filed for the purpose of adding new parties, we direct that the one-year period in rule 1.420(e) will begin to run as to proposed new parties on the date that the motion is filed. Of course, we expect litigants will schedule their motion for a hearing, receive the trial court's ruling, and serve the new party or parties long before exhausting that one-year period. We stress that affirmative record activity as to the existing parties shall not constitute record activity for the unserved party or parties and, consequently, will not prevent the running of the one-year period in rule 1.420(e) as to named but unserved parties. We cannot permit procedural maneuvers to further extend periods of limitation beyond those necessary to accommodate practical application of the motion, hearing, and order process for the amendment of a pleading.

Permenter
As explained above, the Fourth District in Frew ultimately concluded that the defendants' statute of limitations defense did not obtain because "an action is `commenced' for limitations purposes, when a complaint is filed." 654 So.2d at 275. Consequently, Frew's amended complaint adding the new defendants was deemed filed when her motion for leave to amend was submitted to the court, notwithstanding the fact the motion was not granted until six months later, well past the running of the four-year statute of limitations.
In Permenter, the Second District explicitly rejected the reasoning in Frew and, *680 by extension, that in Smith also. 712 So.2d at 1179. Rather, by negative implication, the court directed its attention to a concept of "tolling" rather than when an action is "commenced" and, therefore, found section 95.051, Florida Statutes (1991), controlling. That is, because the court determined that none of the tolling provisions in that statute pertained, it "decline[d] to [judicially] create a tolling period for a statute of limitations as is propounded in this case." Permenter, 712 So.2d at 1179. Accordingly, the Second District held that "there is no statutory basis to support a tolling of the statute of limitations by the filing of a motion to amend." Id.
However, the seminal case in this area, Rademaker v. E.D. Flynn Export Co., 17 F.2d 15 (5th Cir.1927), reasoned that where the motion to amend was full and comprehensive as to facts, the motion itself would stand in place of an actual amendment. Id. at 17. Additionally, process was issued and served upon a defendant before any action was barred and, therefore, the concept of "tolling" was not implicated. Id. On the contrary, the court's focus was upon the concept that the motion to amend constituted the "actual amendment" and, although not stated in Rademaker in these specific words, the action had been "commenced." We believe that the stated basis for the Fourth District's conclusion in Frew with regard to when an action is "commenced" is well reasoned and consistent with established precedent. It is certainly understandable that a court could, based upon the "tolling" language loosely utilized in decisions discussing Rademaker, be diverted to an analysis of statutory "tolling" as occurred in Permenter. We also believe that the amended version of rule 1.070(j) set forth in this opinion will alleviate the practical problems associated with amended pleadings which add new parties.
The Second District here relied upon a technical interpretation of what "tolls" a statute of limitations. Under the facts of this case, the action was commenced with the filing of the original complaint and thus no statute of limitations issue existed with regard to the tortfeasor. The decision facially demonstrates that the motion to amend sufficiently identified the new party, Geico, and set forth that relief would be demanded for uninsured motorist benefits. In a similar manner, under proper analysis, the motion to amend was sufficient to stand in place of an amended complaint and the action was, therefore, deemed commenced as to Geico pursuant to rule 1.050 within the applicable limitation period.
For that same reason, the court's alternative rationale for finding Permenter's complaint time-barred is similarly unpersuasive. Although the court properly noted that rule 1.190(c) allows the relation back of an amended complaint to the date of the original complaint when the claim in the amended complaint arose out of the same conduct, transaction, or occurrence set out in the original pleading, the relation back concept under these circumstances has been utilized to relate a subsequent amended complaint back to an original pleading, with the "original pleading" being the motion to amend. Thus, the Second District's alternative rationale for affirming the summary judgment against Permenter also fails when the motion to amend is considered as standing in place of an amended complaint or as the "original pleading" to which a later filed pleading relates back.
Finally, it is clear that Permenter timely prosecuted his claim as to the motor vehicle accident and must have provided notice to his uninsured motorist insurance carrier,[9] thus not sitting on his rights. Hence, the Second District's interpretation is inconsistent with the interaction of the *681 rules of procedure and the purpose of a statute of limitations, which is "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Order of Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348-49, 64 S.Ct. 582, 88 L.Ed. 788 (1944); see also Allie v. Ionata, 503 So.2d 1237, 1240 (Fla.1987) (describing statutes of limitation as "shields to protect defendants against unreasonable delays in filing law suits and to prevent unexpected enforcement of stale claims"). Moreover, it elevates form over substance if a party's compliance with a procedural or statutory predicate renders the suit time-barred under a statute of limitations defense. Cf. Musculoskeletal Institute Chartered v. Parham, 745 So.2d 946, 948 (Fla. 1999) (concluding that "it would be an unconstitutional impediment to access to the courts if compliance with the statutory requirements in chapter 766 resulted in a potential claimant's suit being forever barred by the associated statute of repose").

CONCLUSION
In summary, we approve the decision in Williams and disapprove the opinion in Frew on the service of process issue. We also approve the decision in Williams and quash the decision in Permenter on the statute of limitations issue. Finally, we approve the opinions in Frew and Smith as to the statute of limitations issue. However, we do believe that the required interpretation of the interaction of these rules in the amended pleading context, which includes a mandatory element which depends upon judicial action as a condition precedent for further procedural steps, may provide an opportunity for abuse that should be addressed by the Florida Civil Procedure Rules Committee. The problematical notion of unnecessarily extending a statute of limitations was recognized by the Frew court and is certainly understood by this Court, but the Frew solution is unacceptable because it does not properly accommodate the element of judicial approval before an amendment is permitted. In a similar manner, in our view, application of the principle of harmless error to circumvent the requirements of the procedural rule requiring judicial approval for amendments, as occurred in Eldridge, does little to support uniform application of our procedural rules and simply carves another exception to a process that needs no additional confusion. Therefore, we request that the Committee evaluate and propose any rules or amendments necessary to accommodate a practical application of the amended pleading process, including, but not limited to, the notice, motion, amendment, hearing, order and service elements.
It is so ordered.
HARDING, C.J., and ANSTEAD and QUINCE, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which SHAW and WELLS, JJ., concur.
PARIENTE, J. concurring in part and dissenting in part.
I agree with the majority that the filing of a motion to amend tolls the statute of limitations, even when permission to amend is not granted by the court until after the statute of limitations has expired. Accordingly, I concur with the majority's quashal of Permenter v. Geico General Insurance Co., 712 So.2d 1178 (Fla. 2d DCA 1998), on this issue.
Nonetheless, I dissent from the majority's opinion to the extent that it disapproves the Fourth District's decision in Frew v. Poole & Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995), on the service of process issue. While the majority acknowledges that the Fourth District in Frew was properly concerned with undue delay, the majority criticizes the opinion for putting the "cart before the horse in essentially requiring plaintiffs to press ahead with service before the formal issuance *682 of process." Majority opinion at 678-79. To the contrary, the Fourth District in Frew acknowledges that the entry of an order by the trial court is a prerequisite to service. The Frew court found, however, that based upon the rules in effect at that time, the plaintiff failed to establish good cause pursuant to Florida Rule of Civil Procedure 1.070(i)[10] for waiting over six months before obtaining an agreed order:
Although there is a good cause exception for the 120 day service requirement, plaintiff suggests no good cause here, arguing only that the court had not yet granted her motion to amend. Plaintiff gives no reason, however, for the 6 month delay in having the agreed order to amend entered by the court. Her own failure to have the order entered more promptly cannot constitute good cause for not serving defendants as required by rule 1.070(i).
Frew, 654 So.2d at 275-76.
If we are to recognize that the filing of a motion to amend is the functional equivalent of the filing of the complaint for purposes of the tolling of the statute of limitations, then based on the rules in effect at the time of Frew, the plaintiff should have been required to serve the complaint within 120 days of the filing of that motion absent a showing of good cause. If part of the steps to perfect service requires the plaintiff to obtain an order from the court granting the plaintiff's motion for leave to amend, then part of the plaintiff's responsibility is to attempt to timely obtain the court's order granting the motion. If there is good cause for the plaintiff's inability to obtain the court's order and effect service within the 120-day period, then the court should be able to excuse the delay in effecting service for that reason.
The opinion in Frew affirmatively shows that the plaintiff failed to establish good cause for her inability to perfect service within 120 days. In contrast, the record in Williams demonstrates that the plaintiff may have been able to establish good cause for his failure to timely perfect service because of his multiple efforts to obtain an order from the court, on his motion to amend. Presuming that the Williams record was sufficient to establish good cause, the reasoning of Frew would lead to approval of the result in Williams as well.
Certainly, the plaintiff should not be penalized when the trial court fails to enter an order on the motion to amend within the 120-day period for service. However, where the plaintiff makes no effort to seek to obtain a court order granting the leave to amend within that period of time, the 120-day rule should be enforced. Judge Klein's opinion in Frew achieves the desired balance of allowing a plaintiff to obtain the benefit of the tolling of the statute of limitations by filing a motion to amend, without allowing a plaintiff to avoid the application of rule 1.070(j) simply by delaying attempts to obtain an order permitting the amendment.
In the past, I have been a critic of the draconian effects of the prior 120-day rule. See, e.g., Patterson v. Loewenstein, 686 So.2d 776, 777-78 (Fla. 4th DCA 1997) (Pariente, J., concurring specially); O'Leary v. MacDonald, 657 So.2d 81, 81-82 (Fla. 4th DCA 1995) (Pariente, J., concurring specially). The amendments to the rule should ameliorate those harsh effects. As the majority recognizes, however, there is clearly still a glitch in the present rules because a plaintiff who files a motion to amend can avoid the purpose of the 120-day rule by waiting up to a year before obtaining an order granting leave to amend. Accordingly, I agree with the referral to the Florida Civil Procedure Rules Committee to "evaluate and propose any rules or amendments necessary to accommodate a practical application of the amended pleading process." Majority opinion at 681.
SHAW and WELLS, JJ., concur.
NOTES
[1] Rule 1.070(i) was redesignated as subdivision (j) in this Court's 1996 amendment of the rules. See In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 110 (Fla. 1996).
[2] Of note, those defendants were served with that amended complaint even though the plaintiff never obtained leave to amend.
[3] "Praecipe" means: "1. At common law, a writ ordering a defendant to do some act or to explain why inaction is appropriate. 2. A written motion or request seeking some court action...." Black's Law Dictionary 1192 (7th ed.1999).
[4] Federal Rule of Civil Procedure 4(m).
[5] As recently stated by the United States Supreme Court in a slightly different context, "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999). Consequently, "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant ... [because] [i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Id. at 1326-27.
[6] Somewhat ironically, the Fourth District recognized in Eldridge that a motion for leave to amend is required by rule 1.190(a), even though the plaintiffs in Eldridge served the second amended complaint on at least several late added defendants without such judicial approval. 695 So.2d at 1322. Therefore, some plaintiffs are not deterred from serving amended complaints unilaterally!
[7] The rule provides, in pertinent part:

All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties....
[8] Compare Wilcox v. Morse, 693 So.2d 91, 92 (Fla. 2d DCA 1997) (reversing dismissal for lack of prosecution because "a notice of hearing allows a ruling on a motion to be made, advancing the case toward conclusion") (citing Grooms v. Garcia, 482 So.2d 407, 408 (Fla. 2d DCA 1985)), with Heinz v. Watson, 615 So.2d 750, 753 (Fla. 5th DCA 1993) (finding stand alone motion for mediation conference, without follow-up activity during subsequent six months, insufficient record activity "to advance the case forward to a conclusion on the merits").
[9] Virtually all, if not all, insurance policies providing uninsured motorist coverage require timely notice to the insurance company of the claim. If notice had not been provided here, a totally separate affirmative defense would have been available.
[10] Former rule 1.070(i) was redesignated as rule 1.070(j) in 1996.